IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

      Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Petition for Federal Injunction Pursuant to Fed. R. Civ. P. 65** [Docket No. 4; Filed December 26, 2012] (the "Motion"). The Motion, which was filed before any Defendant entered an appearance in this matter, has not been the subject of a Response from any Defendant.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court [#8]. The Court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises.   For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#4] be **DENIED**.

## I. Background

Plaintiff Dean Carbajal ("Mr. Carbajal") is a state prisoner incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  His mother Plaintiff Victoria Carbajal ("Mrs. Carbajal") and Plaintiff Luis Leal ("Mr. Leal") are non-incarcerated litigants.   All three Plaintiffs proceed in this matter *pro se*.[1]  Plaintiffs bring six claims for relief: 1) fundamental unfairness of Mr. Carbajal's investigation, trial, and appeal in violation of the Fifth and Fourteenth Amendments; 2) malicious prosecution in violation of the Fourth and Fourteenth

---

[1]  The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

-2-

Amendments; 3) abuse of process; 4) retaliation; 5) false arrest; and 6) unreasonable and/or excessive force. *See Am. Compl.* [#33]. Plaintiffs request monetary damages and injunctive relief "including but not limited to . . . expungement of [Mr. Carbajal's] criminal record . . . ." [#33-2] at 9.

In the Motion at issue, Plaintiffs recite a litany of "kitchen sink"-style allegations and complaints, including retaliation, excessive force, malicious prosecution, false classification as a sex offender, assaults, home invasions, manufacturing of evidence, tampering with witnesses, destruction and suppression of exculpatory evidence and legal documents, continual harassment of Mr. Carbajal and his "legal team," and denial of access to the courts. *See* [#4]. Mr. Carbajal primarily seeks his immediate conditional release from State custody under supervision of the Federal District Court. [#4] at 23. Plaintiffs also requests that: 1) all Defendants with law enforcement or prosecutorial authority be stripped of their authority and no longer enforce the law as to Plaintiffs; 2) Mr. Carbajal's convictions be vacated; 3) Defendants not harass Plaintiffs or members of their "support group;" and 4) Defendants turn over all exculpatory or material evidence to Mr. Carbajal and refrain from destroying evidence related to any of the criminal cases against him. *Id.* at 27. Plaintiffs identify numerous persons and entities whom they seek to have bound by an injunction issued by this Court, including more than fifty individuals and entities. *Id.* at 28. In addition, should the Court grant an injunction, Plaintiffs also ask that the Court waive any requirement that they post security because "the abuses alleged here and in the four complaints have forced [Mr. Carbajal] into a state of poverty leaving him indigent and, thus, any financial security cannot fairly be secured." *Id.* at 26.

## II. Analysis

At the outset, the Court notes that it only considers the Motion within the confines of Plaintiffs' requested relief as applied to the Defendants in this matter who are identified in the Motion.  Mr. Carbajal has been warned in other litigation he has instigated in the District of Colorado, by the same District Judge who is assigned to the present case, that he may not seek injunctive relief against individuals or entities not named in the operative complaint.  *See Order Denying Motion for Temporary Restraining Order* [#383; Issued September 19, 2012] in *Carbajal v. Seventh Judicial District*, No. 10-cv-02862-REB-KLM. Under circumstances very similar to the ones underlying the present Motion, the District Judge stated:

> The plaintiff, who is incarcerated in the Colorado Department of Corrections (DOC), claims in his motion that certain individuals who are employed at the Denver Detention Center took certain actions that are one basis for the plaintiff's motion. [citation omitted].  In addition, the plaintiff alleges that other individuals, named as Sgt. Knight, Susan Jones, and Kevin Bultran or Button also took actions that are bases for the plaintiff's motion.  [citation omitted]. None of these individuals are defendants in this case.  The plaintiff seeks a temporary restraining order directing the 'DOC [Department of Corrections] and the defendants' to refrain from attacking the plaintiff.  [citation omitted]. However, the Colorado Department of Corrections is not a defendant in this case.  The plaintiff may not seek injunctive relief against parties who are not named as defendants or parties in this case.

*Id.* at 2.  The District Judge's ruling was reiterated by the undersigned on November 13, 2012, forty-three days before the present Motion was filed.  *See Recommendation of United States Magistrate Judge* [#414] in *Carbajal v. Seventh Judicial District*, No. 10-cv-02862-REB-KLM.  Thus, there is no question that Mr. Carbajal was well aware that injunctive relief could not be entered against individuals or entities not named in the operative complaint.  **Plaintiffs are therefore warned that further efforts to obtain injunctive relief against individuals or entities not named in the operative complaint**

**may subject them to sanctions.** Accordingly, to the extent that Plaintiffs seek relief against individuals and entities not named as Defendants in this case, the Court **recommends** that the Motion be **denied**.

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a

remedy that is extraordinary even in the normal course." *Id.* at 1259.

"To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiffs provide a lengthy explanation of the irreparable harm Mr. Carbajal will suffer in the absence of an injunction. However, their explanation fails to specify the precise, non-theoretical harm that an injunction will prevent:[2]

> In this particular instance, the Plaintiffs are suffering from the repeated and intentional violation of their First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Constitutional rights, and these abuses have escalated in the zealous effort by these officials to escape liability, to include the frivolous prosecutions of Mr. Carbajal to imprison him and destroy his ability to expose misconduct and redress grievance, and the repeated destruction of pleadings and exculpatory evidence, as well as evidence that inculpates the Defendants. These abuses have grossly oppressed Mr. Carbajal's ability to expose the intentional violation of his Constitutional rights, stop these

---

[2] The Court automatically corrects most minor spelling and grammatical errors in the passage quoted below.

abuses, and obtain relief for the damages, in direct violation of his political freedom rights. This being said, monetary damages will never be available to compensate for these abuses, because the Defendants and numerous state officials have conspired to prevent Mr. Carbajal's redress of grievance by destroying evidence and attacking Mr. Carbajal, as alleged herein and in the Complaints. These four separate verified complaints detail the abusive and repetitious and pervasive nature of the violation of Mr. Carbajal's civil rights and rise to such an extreme level that would shock even the conscience of the most calloused hearts. These abuses have each been undertaken with clearly no justification but to hurt the Plaintiffs, and because their primary goal is to falsely imprison Mr. Carbajal and destroy his reputation and stability, to prevent his ability to expose their official misconduct, and obtain relief, as well as freedom, this Court is compelled to release Mr. Carbajal under the supervision of the U.S. Marshal to maintain the status quo and prevent further irreparable harm; without said relief, the Defendants and State officials will continue to profit from their misconduct and Mr. Carbajal will not be able to effectively redress grievance. More, these officials have seriously endangered the welfare of Mr. Carbajal by publicly exploiting their classification of Mr. Carbajal as a sex offender and sexual predator in direct and clear violation of Mr. Carbajal's Fourteenth Amendment liberty rights, causing officials to attack Mr. Carbajal verbally and physically repeatedly, as well as inmates and citizens. This classification is slanderous and has no legal foundation. . . . These officials know first hand as to the conditions of prison life and the possibility of physical harm and life endangerment to a person with a sexual assault classification. To know of this possible threat and to deliberately wrongfully classify an innocent person under such basis is no less than a deliberate indifference to the life and well being of Mr. Carbajal. More, as stated, the Defendants and numerous state officials have frivolously prosecuted Mr. Carbajal without objective or reasonable hope of success in direct retaliation for his assertion of his political freedom . . . . Indeed, their numerous abuses are all well founded on fallacies and corruption. [Three of Mr. Carbajal's state criminal prosecution cases] are and were prosecuted without jurisdiction and irrespective of what basis is presented by the Defendants, the law is very clear these actions are illegal and without jurisdiction and require vacation; therefore, they are vexatious and bad faith prosecutions, apart from the gross abuses upon which these allegations are based. These three prosecutions prevent Mr. Carbajal from asserting his political freedom and were retaliatory actions designed to oppress Mr. Carbajal's ability to defend his innocence and, more, have grossly endangered Mr. Carbajal's welfare due to the slanderous stigma of a "sex offender" classification in society and prison. [Three of Mr. Carbajal's state criminal prosecution cases] were already dismissed, but the misconduct in these actions has sparked a plethora of retaliatory acts and have continued to oppress Mr. Carbajal's ability to redress grievance and will continue to threaten Mr. Carbajal's liberty and well

being if an injunction is not issued enjoining the Defendants and State officials from further harassing Mr. Carbajal. The abuses in these actions are directly linked to this action in that the same retaliatory conduct that encompassed this action has born these frivolous prosecutions, and also the basis of the oppressive illegal conduct in their actions is to prevent Mr. Carbajal's ability to redress grievance in this action, an abuse that is grossly repetitive and has born a pervasive state-wide bias to a level that now all judges in each of these cases openly harass and refuse to allow Mr. Carbajal fair access to the Courts in a grand effort to stop Mr. Carbajal from asserting his political freedom. Perhaps even stating that Mr. Carbajal is suffering irreparable harm is an understatement.

*Motion* [#4] at 23-24.

Before proceeding to the analysis, the Court notes that the passage quoted above is nearly identical to one submitted by Mr. Carbajal in one of his other lawsuits. *See Recommendation of United States Magistrate Judge* [#414] at 6-7, in *Carbajal v. Seventh Judicial District*, No. 10-cv-02862-REB-KLM. In fact, the only changes are from a single "plaintiff" to multiple "plaintiffs." The substance of the passage is identical and does not refer to any irreparable harm suffered by Mrs. Carbajal or Mr. Leal. Thus, the following determination is the same as that made by the Court in Mr. Carbajal's other action. *See id.* at 7-9.

There is no indication in the record that Plaintiffs may suffer imminent or other harm such that the status quo of the parties should be altered. *See Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007) ("The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held.") (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). The vast majority of the injuries Plaintiffs assert are not currently existing or presently threatened injuries, but rather constitute past injuries, such as Mr. Carbajal's complaints about having been subjected to criminal prosecutions. *See Connecticut*, 282 U.S. at 674. To the extent Mr. Carbajal

claims that his life and well-being are being placed in jeopardy by his sex offender classification, the Court notes that he has not identified any actual threats nor alleged any specific instances of threats, verbal harassment, or abuse. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996); *Abeyta v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253, 1256 (10th Cir. 1996).

Plaintiff simply fails to show with any specificity how he will be irreparably harmed by any Defendant in the absence of the requested injunctive relief. *See Schrier*, 427 F.3d at 1267 (stating that "an injury must be certain, great, actual and not theoretical" to constitute irreparable harm for the purpose of imposing a preliminary injunction (citation omitted)).   Given that there is no evidentiary support for Plaintiffs' broad, conclusory allegations other than their self-serving statements, they have failed to establish that irreparable injury is imminent.  A preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006) (internal quotation marks omitted) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).  Thus, in the absence of a clear and unequivocal showing, the Court finds that Plaintiffs' Motion seeking injunctive relief should be denied. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is a sufficient ground, by itself, to deny injunctive relief); *Dominion Video Satellite, Inc.*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).

Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#4] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 28, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge