IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

      Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

      Defendants.

___

## MINUTE ORDER
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend the Complaint to Add Mathew Holman and Unknown Supreme Court of Colorado Personnel, and Christopher T. Ryan Given the Onset of Abuses Related to This Action and Acts of Retaliation and Motion for a Stay Pending the Filing of the Supplemental Complaint** [Docket No. 57; Filed March 19, 2013] (the "Motion to Amend") and on Defendants Mitchell R. Morrissey, Jeffrey Watts, Robert Fuller, Rebekah Melnick, and Lara Mullin's (collectively, the "Denver DA Defendants") **Motion to Vacate Scheduling Conference and Stay All Proceedings Pending Immunity Determination** [Docket No. 63; Filed March 21, 2013] (the "Motion to Vacate").

IT IS HEREBY **ORDERED** that the Motion to Amend [#57] is **DENIED without prejudice**. If Plaintiff is seeking leave to file an Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15(a) and 20(a), and which includes the proposed Amended Complaint as a document separate from the Motion. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Amended Complaint. However,

IT IS FURTHER **ORDERED**, *sua sponte*, that Plaintiff may file a compliant Motion to Amend which includes the proposed Amended Complaint **on or before April 12, 2013**.

IT IS FURTHER **ORDERED**, *sua sponte*, that if Plaintiff does not timely file a motion to amend, then Plaintiff shall file Responses to the following Motions **on or before April 19, 2013**: #34, #40, #41, #43, #50, and #60.

IT IS FURTHER **ORDERED**, *sua sponte*, that if Plaintiff timely files a motion to amend, the Court will address his need to respond and any deadline to respond to #34, #40, #41, #43, #50, and #60 in a separate order.

IT IS FURTHER **ORDERED** that the Motion to Vacate [#63] is **GRANTED in part and DENIED without prejudice in part**.

The Motion is **granted** as follows: the Scheduling Conference set for April 11, 2013 at 11:00 a.m. is **VACATED** and shall be reset if necessary after resolution of the pending dispositive motions.

The Motion is **denied without prejudice** as follows: given the current posture of this case, a stay is unwarranted. The Court has not yet held a scheduling conference. Accordingly, discovery may not begin, no discovery parameters or case management

deadlines have been set, and there are no deadlines or other issues that would be subject to a stay.

     Dated:  March 21, 2013