IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

      Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

      Defendants.

## MINUTE ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Brian Berardini's **Motion to Dismiss Amended Complaint** [Docket No. 34; Filed February 25, 2013]; on Defendant City and County of Denver's **Motion for Leave to File Appearance and Motion to Dismiss,** *Instanter* [Docket No. 40; Filed March 1, 2013] (the "Motion for Leave"); on Defendants John Miles Flesche, Adrian Keith Criswell, and Anne Mansfield's **Motion to Dismiss Amended Complaint** [Docket No. 41; Filed March 4, 2013]; on Defendants Mitchell R. Morrissey, Jeffrey Watts, Robert Fuller, Rebekah Melnick, and Lara Mullin's **Motion to Dismiss Amended Complaint** [Docket No. 43; Filed March 6, 2013]; on Plaintiff's **Motion for Extension of Time to Effect Service and Motion for an Order Allowing Discovery to Properly Name the Defendants and Serve** [Docket No. 45; Filed March 8, 2013] (the "Motion for Extension"); on the Defendant City and County of Denver's **Motion to Strike Defendants Keefer, Simpson, Lopez, and Hagan in Their Official Capacities** [Docket No. 50; Filed March 12, 2013]; on Defendants Wells Fargo Bank, N.A. and Carol Dwyer's **Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Rule 12(b)(6)** [Docket No. 60; Filed March 19, 2013]; and on Plaintiffs' opposed **Motion to File Amended Complaint Pursuant to the Court's Order [Doc #65]** [Docket No. 81; Filed April 16, 2013] (the "Motion to Amend").[1]

In the Motion to Amend [#81], Plaintiffs seek leave of the Court to file a Second Amended Complaint [#81-1]. In support of their request, Plaintiffs state that they have added or corrected Defendants' names based on newly-discovered information. They have also added factual detail necessary to establish their claims, condensed the former complaint to 25 pages, and redrafted each claim to remove unnecessary facts. A Scheduling Conference has not yet been held in this matter. Pursuant to Fed. R. Civ. P. 15(a)(2), which states that the Court should freely give leave to amend when justice so requires,

IT IS HEREBY **ORDERED** that the Motion to Amend [#81] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiffs' Second Amended Complaint [#81-1] is accepted for filing as of the date of this Minute Order.

IT IS FURTHER **ORDERED** that those Defendants who have already been served and entered their appearances in this case shall answer or otherwise respond to Plaintiffs'

---

[1] A judicial officer may rule on a motion at any time after it is filed, without waiting for a response or a reply. D.C.COLO.LCivR 7.1C.

Second Amended Complaint [#81-1] on or before **May 7, 2013**.

IT IS FURTHER **ORDERED** that Plaintiffs shall serve any unserved Defendant (whether previously identified in the Amended Complaint or newly identified in the Second Amended Complaint) **on or before June 17, 2013**.

IT IS FURTHER **ORDERED** that the Motions [#34, #41, #43, #50, #60], all of which are directed at or related to a pleading that is no longer operative, are **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

IT IS FURTHER **ORDERED** that the Motion for Leave [#40] is **GRANTED in part and DENIED AS MOOT in part.** The Motion is **granted** to the extent the City and County of Denver seeks leave to appear in this case on behalf of several Defendants named in their official capacities. The Motion is **denied as moot** to the extent it seeks leave to file a Motion to Dismiss directed at the First Amended Complaint, a pleading that is no longer operative.

IT IS FURTHER **ORDERED** that the Motion for Extension [#45] is **GRANTED in part, DENIED as moot in part, and DENIED without prejudice in part**, as follows:

1.  The Motion for Extension is **granted in part** to the extent that Plaintiffs request an extension of time to serve certain Defendants previously identified in the Amended Complaint. As stated above, Plaintiffs shall serve any unserved Defendant **on or before June 17, 2013**.

2.  The Motion for Extension is **denied as moot** to the extent that Plaintiffs request the full name of Defendant Deputy Sheriff Keefer, as Plaintiffs now appear to have discovered that his first name is Andrew. *See Motion to Amend* [#81] at 1.

3.  The Motion for Extension is **denied without prejudice** to the extent that Plaintiffs request early discovery regarding the addresses of Defendants Carol Dwyer, Andrew Keefer, Jay Lopez, Michael Simpson, and Richard Hagan so that they may be properly served in this lawsuit. Plaintiffs have provided a general overview of their attempts to serve these Defendants. However, Plaintiffs must provide the Court with a detailed factual account of the efforts of both the incarcerated Plaintiff and the unincarcerated Plaintiffs

to obtain service on these five Defendants before the Court will consider allowing early discovery regarding their whereabouts.

Dated:  April 17, 2013