IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

Defendants.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants John Miles Flesche, Adrian Keith Criswell, and Anne Mansfield's (collectively, the "State Defendants") **Motion to Strike Plaintiff's Second Amended Complaint** [Docket No. 86; Filed April 18, 2013] (the "Motion"). In the Motion, the State Defendants argue that Plaintiffs' Second Amended Complaint [#85] fails to comply with the Federal Rules of Civil Procedure and with the Local Rules. *Motion* [#86] at 2. They specifically cite to alleged violations of Fed. R. Civ. P. 8(a)(2), D.C.COLO.LCivR 8.2, and D.C.COLO.LCivR 10.1.[1] *Id.*

Local Rule 8.2A. states, in relevant part, "A pro se prisoner shall use the forms established by this court to file an action." The State Defendants aver that Plaintiffs' failure to use the appropriate form for the Second Amended Complaint is a ground on which the filing may be stricken. The Court disagrees. Although the Second Amended Complaint is clearly written in Plaintiff Dean Carbajal's handwriting, and although Plaintiff Dean Carbajal is incarcerated, this lawsuit involves two other, unincarcerated pro se Plaintiffs: Victoria Carbajal and Luis Leal. Local Rule 8.2A. does not mandate that lawsuits involving both unincarcerated pro se plaintiffs and incarcerated pro se plaintiffs must be submitted on court-established forms for incarcerated pro se plaintiffs. Thus, the Court will not strike the Second Amended Complaint on this basis.

---

[1] Counsel for the State Defendants is advised to thoroughly check his citations in all documents submitted to the Court in the future. Every citation in this short three-page filing is incorrect except for the first citation to D.C.COLO.LCivR 7.1. For example, when citing to Fed. R. Civ. P. 8(a)(2), the citation in the document reads "Fed.R.Civ.P. 8(2)." *Motion* [#86] at 2. Federal Rule of Civil Procedure 8(2) does not exist.

Local Rule 10.1E. states, "All papers shall be double-spaced." While some provisions of Local Rule 10.1 exempt pro se litigants from their mandates, Local Rule 10.1E. is not one of those provisions. Plaintiff's tiny handwriting, which is not unique to the Second Amended Complaint at issue here, is as small as and/or smaller than the 12-point font from which *pro se* litigants are exempted for good cause shown. The Court agrees with the State Defendants that Plaintiff's filing violates Local Rule 10.1E. Regardless, the Court does not strike this (or any other present filing) on that basis alone. **However, Plaintiff is warned that future filings that do not comply with the spacing requirement of Local Rule 10.1E. shall be stricken *sua sponte* or on motion from opposing counsel.**

Local Rule 10.1G. states, "All papers and signatures shall be legible." The State Defendants aver that Plaintiff's Second Amended Complaint "is handwritten in exceedingly small and hard-to-decipher font [and that] [m]any lines or pages are faint and impossible to read." *Motion* [#86] at 2. They specifically direct the Court's attention to page 15 of the Second Amended Complaint. *Id.* The Court is very familiar with Plaintiff's handwriting from his numerous filings in multiple cases. Many of these filings are border-line illegible. While the Court is willing to once overlook an issue such as failing to double-space, the Court is troubled by the degree of legibility in the current Second Amended Complaint. Much of the document can be read with care, but there are portions where only a few words can be picked out, including but not limited to page 15. The Court cannot expect Defendants to file proper responses to the Second Amended Complaint when the document cannot be read in its entirety. The Court therefore finds that Plaintiff's Second Amended Complaint violates Local Rule 10.1G.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#86] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff's Second Amended Complaint [#85] is **STRICKEN**.

IT IS FURTHER **ORDERED** that Plaintiff shall a Third Amended Complaint **on or before May 24, 2013**.

IT IS FURTHER **ORDERED** that Plaintiff's Third Amended Complaint shall be legible, in compliance with Local Rule 10.1G., and double-spaced, in compliance with Local Rule 10.1E. Finally, although the Court does not address whether Plaintiff's Second Amended Complaint complied with Fed. R. Civ. P. 8(a),

IT IS FURTHER **ORDERED** that Plaintiff's Third Amended Complaint shall comply with Fed. R. Civ. P. 8(a), which specifies that a pleading which states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that pro se litigants must follow the same procedural rules that govern other litigants).

Dated: April 23, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge