# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 12–cv–03231–REB–KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matters before me are (1) the **Recommendation of United States Magistrate Judge** [#38],[1] filed February 28, 2013; and (2) **Plaintiffs' Contemporaneous Objection to Magistrate Mix's Recommendation [Doc. #38]** [#87], filed April 18, 2013.  I overrule the objection, approve and adopt the recommendation, and deny the apposite motion.

The plaintiffs are proceeding *pro se*. Thus, I have construed their pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned.  Contrastingly, plaintiffs' objections are imponderous and without merit.  A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates necessity.  **See Schrier v. University of Colorado**, 427

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

F.3d 1253, 1258 (10th Cir. 2005).  In addition to the four requirements for injunctions generally, *id.*, the movant also "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm," **Heideman v. South Salt Lake City**, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation and internal quotation marks omitted).  In other words, to demonstrate irreparable harm, plaintiffs "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  **Vega v. Wiley**, 259 Fed. Appx, 104, 106 (10th Cir. Dec. 17, 2007), **cert. denied**, 128 S.Ct. 2069 (2008).

As the magistrate judge adroitly noted, plaintiffs have failed to show such a threat of imminent and irreparable injury.  Although plaintiffs suggest that Mr. Carbajal allegedly faces irreparable injury based on a theory of continuing infringement of his civil rights, "there is no evidentiary support for [their] broad, conclusory allegations other than their self-serving statements."  (**Recommendation** at 9.)[2]  By thus failing to specify any injury that is "certain, great, actual and not theoretical," **Heideman**, 348 F.3d at 1189 (citation and internal quotation marks omitted), plaintiffs' request for relief must be denied.[3]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#38], filed February 28, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

---

[2] The magistrate judge noted also that plaintiffs' description of the irreparable harm they allegedly face in this case is essentially identical to that they alleged in another case in which Dean Carbajal is a party plaintiff.  *See Carbajal v. Warner et al.*, Civil Action No. 10-cv-02862-REB-KLM.  Mr. Carbajal's motion for injunctive relief was denied in that case also, for reasons similar to those found dispositive here.  (*See* Order **Adopting Recommendation of United States Magistrate Judge** [#446], filed March 6, 2013.)

[3] In addition, plaintiffs' request for injunctive relief implicates defendants who are not named in the complaint, and who thus are not presently within the jurisdiction of the court.

2. That the objections stated in **Plaintiffs' Contemporaneous Objection to Magistrate Mix's Recommendation [Doc. #38]** [#87], filed April 18, 2013, are **OVERRULED**; and

3. That plaintiffs' **Petition for Federal Injunction Pursuant to Fed. R. Civ. P. 65** [#4], filed December 26, 2012, is **DENIED**.

Dated June 4, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge