IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

    Defendants.

-1-

___

**ORDER**
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Strike Plaintiffs' Response [#145]** [#158] (the "Motion"), filed by Defendants Andrew Keefer, Michael Simpson, Jay Lopez, and Gilbert Hagan (collectively, the "Denver Defendants"). In the Motion, the Denver Defendants argue that Plaintiffs' joint Response [#158] to the Denver Defendants' Motion to Dismiss [#123] and to the Denver Defendants' Motion to Dismiss Defendant Andrew Keefer and for Withdrawal of Counsel for Brandon Keefer [#135] (the "Motion to Dismiss Keefer") should be stricken on a variety of grounds. For the following reasons, the Court agrees.[1]

As an initial matter, however, the Court notes that, in their attempt to comply with the conferral requirement of Local Rule 7.1A., the Denver Defendants were unable to contact Plaintiff Victoria Carbajal ("Mrs. Carbajal") or Plaintiff Luis Leal ("Mr. Leal") before filing the present Motion. *Motion* [#158] at 2. They sent mail to these two Plaintiffs but received no response. *Id.* The Denver Defendants tried to contact Mrs. Carbajal by telephone multiple times over the course of several days, to no avail. *Id.* Mr. Leal does not have a telephone number or contact information other than his mailing address listed on the docket, in violation of Local Rules 10.1K. and 10.1M. While Defendants in this matter are not required to confer with Plaintiff Dean Carbajal ("Mr. Carbajal") before filing motions, and while it is clear that Mr. Carbajal is the primary author of the documents that Plaintiffs file with the Court, Mrs. Carbajal and Mr. Leal, as unincarcerated pro se parties, must comply with the

___

[1] The Court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

conferral mandate of the Local Rules.  Accordingly, Mrs. Carbajal and Mr. Leal are warned that any future motions they file, even if jointly filed with Mr. Carbajal, that do not comply with Local Rule 7.1A. will be denied as a matter of course as to the relief they request.[2]  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* parties must "follow the same rules of procedure that govern other litigants").  Mrs. Carbajal and Mr. Leal also must make themselves reasonably available to opposing counsel so that opposing counsel may confer with them regarding motions filed by Defendants.  **This is the only warning Mrs. Carbajal and Mr. Leal will receive regarding their conferral duty pursuant to Local Rule 7.1A.**

Turning to the merits of the present Motion, the Court first notes that Plaintiffs combine their responses to two of the Denver Defendants' Motions [#123, #135] into a single Response [#145].  On August 6, 2013, the Court explicitly ordered Plaintiffs to file a separate response to the Denver Defendants' Motion to Dismiss [#123], along with a separate response to each other pending Motion to Dismiss [#101, #103, #105, #119].  *Minute Order* [#133].  Plaintiffs have failed to comply with this Order by combining their responses to the Motions to Dismiss [#123, #135].  The Response is subject to being stricken on this basis alone.  *See Chambers v. Nasco*, 501 U.S. 32, 43, 47-48 (1991).

Second, the Motion to Dismiss Keefer [#135] was filed by the Denver Defendants on August 9, 2013.  Plaintiffs did not file a Response or a request for an extension of time to file a Response to the Motion to Dismiss Keefer.  On September 20, 2013, the Court provided them with one last opportunity to file a Response, warning them that, "**no further**

---

[2] To be clear, if, for example, Plaintiffs jointly file a motion for extension of time and have not conferred with Defendants, then the request will be denied as to Mrs. Carbajal and Mr. Leal.

**extensions of time will be granted absent a showing of <u>exceptional</u> cause.**" *Minute Order* [#138] at 2 (emphases in original). Plaintiffs' Response was due on or before October 10, 2013. *Id.* The Response [#145] to the Motion to Dismiss Keefer [#135] was filed on October 17, 2013. Even allowing time for mailing, the Response was not timely filed. Plaintiffs have provided no "exceptional cause" as to why the document could not be timely filed. The Response is subject to being stricken on this basis alone. *See Chambers*, 501 U.S. at 43, 47-48.

Third, pursuant to the District Judge's Civil Practice Standards, Plaintiffs are permitted only fifteen pages to respond to a non-summary judgment motion. *See* REB Civ. Practice Standard IV.B.1.[3] The 15-page limit includes only "the motion, cover page, jurisdictional statement, statement of facts, procedural history, argument, closing, signature block, and all other matters, except for the certificate of service" and exhibits. REB Civ. Practice Standard IV.B.1. Here, Plaintiffs have filed a 23-page combined Response to two motions. As the Denver Defendants point out, even if the Response were divided into the part that responds to the Motion to Dismiss [#123] and the part that responds to the Motion to Dismiss Keefer [#135], the first Response would be 21-pages long, six pages longer than allowed by the District Judge. The Response is subject to being stricken on this basis alone. *See* REB Civ. Practice Standard IV.C.1. (stating that motions do not comply with the District Judge's Civil Practice Standards may be stricken *sua sponte*).

Based on the foregoing,[4]

---

[3] A copy of the District Judge's Civil Practice Standards can be found and downloaded from: http://www.cod.uscourts.gov/Portals/0/Documents/Judges/REB/REB_Civil_12-1-11_Final.pdf.

[4] The Court need not address other arguments raised by the Denver Defendants in the present Motion.

IT IS HEREBY **ORDERED** that the Motion [#158] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiffs' Response [#145] is **STRICKEN**.

IT IS FURTHER **ORDERED**, *sua sponte*, that Mrs. Carbajal and Mr. Leal shall hereafter comply with Local Rule 10.1K., which requires that "[t]he name, current mailing address, *and telephone number* of any . . . pro se party filing a paper" shall be included in the signature block at the end of the paper. D.C.COLO.LCivR 10.1K. (emphasis added).

Dated: November 13, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge