**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

      Plaintiffs,

v.

MITCHELL R. MORRISSEY, D.A. for the Second Judicial District, in his official and individual capacities, et al.,

      Defendants.

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

The matter before me is **Plaintiff's**[1] **Contemporaneous Objection to the Court's Order Overruling Plaintiff's Objection to Magistrate Judge Kristen Mix's November 13, 2013 Order** [#176],[2] filed January 8, 2014, which I construe as a motion to reconsider the referenced **Order Overruling Plaintiffs' Contemporaneous Objection to Magistrate Judge Kristen Mix's November 13, 2013 Order** [#171], filed December 19, 2013.[3]  As thus construed, I deny the motion.

Mr. Carbajal is proceeding *pro se*.  Thus, I continue to construe his pleadings more liberally and hold them to a less stringent standard than formal pleadings and

---

      [1]  The motion is filed by plaintiff Dean Carbajal alone.

      [2]  "[#176]" is an example of the convention I use to refer to the docket number of a particular filing.

      [3]  Exercising my prerogative under **D.C.COLO.LCivR** 7.1(d), I rule on the motion without awaiting the benefit of a response.

papers drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Nevertheless, the bases for granting reconsideration are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Nothing in Mr. Carbajal's bare-bones recitation addresses these factors or otherwise indicates that any of them are implicated here. Instead, Mr. Carbajal purports to simply "stand[] on his arguments and authority asserted in his contemporaneous objection [Doc. #168]," claiming that the court's decision overruling that earlier objection was unreasonable and an abuse of discretion. As noted above, however, a motion for reconsideration "is not appropriate to revisit issues already addressed," and plaintiff's disagreement with my ruling, no matter how sincere, provides no justification for revisiting my previous order.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Contemporaneous Objection to the Court's Order Overruling Plaintiff's Objection to Magistrate Judge Kristen Mix's November 13, 2013 Order** [#176], filed January 8, 2014, construed as a motion to reconsider, is **DENIED**.

Dated January 13, 2014, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge