IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

MITCHELL R. MORISSEY, District Attorney for the Second Judicial District, in his official and individual capacities,
JEFFREY WATTS, Investigator for the Second Judicial District, in his official and individual capacities,
ROBERT FULLER, Investigator for the Second Judicial District, in his official and individual capacities,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her official and individual capacities,
MILES FLESCHE, District Administrator and Clerk for the Second Judicial District, in his official and individual capacities,
KEITH CRISWELL, Deputy Court Clerk for the Second Judicial District, in his official and individual capacities,
ANNE MANSFIELD, District Court Judge for the Second Judicial District, in her official and individual capacities,
KEEFER, Deputy Sheriff for the Denver Detention Center, in his official and individual capacities,
MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Detective for the Denver Police Department, in his official and individual capacities,
RICHARD HAGAN, Detective for the Denver Police Department, in his official and individual capacities,
CAROL DWYER, a co-conspirator with the Second Judicial District Attorney's Office, in her official and individual capacities,
WELLS FARGO, a corporation,
BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorney's Office, in his individual capacity, and
JOHN SUTHERS, Attorney General for the State of Colorado, in his official and individual capacities,

    Defendants.

-1-

___

### ORDER
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion [to] Dismiss Defendant Andrew Keefer and for Withdrawal of Counsel for Brandon Keefer** [#135] (the "Motion"), filed by counsel for the Denver Defendants, Matthew Hader ("Hader"). Plaintiffs filed a Response [#145] that was later stricken by the Court. *Order* [#162]. Before the Response was stricken, the Denver Defendants also filed a Reply [#159]. Plaintiffs filed a Surreply [#163]. The Motion is ripe for review.

The Motion arises from the fact that there has been significant confusion in this case over the identity of a Mr. Keefer, whether his first name is actually "Andrew" or "Brandon" (or "Branden"), and whether the proper individual was served and is a party to this lawsuit. On December 11, 2012, Plaintiffs filed this lawsuit and named "Deputy Sheriff Keefer, Deputy Sheriff for the Denver Detention Center" as a defendant. *Compl.* [#1] at 1. The Denver Defendants affirm that Andrew Keefer was served with the original summons and Complaint on January 7, 2013. *Motion* [#135] at 2; *Return of Service* [#12] at 7. On February 21, 2013, Plaintiffs filed their Amended Complaint and again named "Deputy Sheriff Keefer, Deputy Sheriff for the Denver Detention Center" as a defendant. *Am. Compl.* [#33] at 1. On March 29, 2013, Ms. Carbajal enlisted a private service company to serve "Deputy Sheriff Branden Keefer" with a copy of the Amended Complaint. *Return of Service* [#91]. On April 1, 2013, "Deputy Sheriff Andrew Keefer" was served with the Summons and Amended Complaint by Deputy Sheriff Andrew Cross. *Return of Service* [#70]. On April 17, 2013, the Second Amended Complaint was filed by Plaintiffs. *Second*

*Am. Compl.* [#85]. Although it was later stricken by the Court, *see Order* [#89], the Second Amended Complaint named "Andrew Keefer, Deputy Sheriff for the Denver Detention Center" as a defendant. *Id.* at 1, 2. On May 6, 2013, the private company enlisted by Ms. Carbajal on March 29, 2013, finally served Andrew Keefer with the summons and Amended Complaint, although the Affidavit/Return of Service [#91] indicates that it was "Branden Keefer" who was served. *Motion* [#135] at 3. On May 29, 2013, the Return of Service [#91] on "Branden Keefer" was entered on the electronic docket. That same day, Plaintiffs filed the Third Amended Complaint, which is now the live complaint, and named "Brandon Keefer, Deputy Sheriff for the Denver Sheriff's Department" as a defendant. No one by the name of "Andrew Keefer" was named in the Third Amended Complaint. The Court has been unable to find an occurrence of "Brandon" or "Branden" Keefer on the docket prior to May 29, 2013.

A complaint submitted by pro se plaintiffs should be read liberally and held to a looser standard than a complaint drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Fed. R. Civ. P. 10(a) states that the caption of a complaint shall include "the names of all parties." However, "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Further, Fed. R. Civ. P. 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

The Denver Defendants assert in the Motion [#135] that: (1) "only the originally named defendant, Andrew Keefer, has been served in this litigation;" (2) "'Brandon Keefer'

. . . was not served and does not appear to exist;" (3) "[n]o individual named 'Branden Keefer' was ever served in this matter;" (4) when writing the Denver Defendants' pending Motion to Dismiss [#123], their counsel "was under the belief that the substitution of 'Brandon Keefer' in the Third Amended Complaint was an accident and that Plaintiffs intended to maintain their litigation against Andrew Keefer;" (5) in filing the Motion to Dismiss [#123], Mr. Hader "associated the motion and his representation with 'Brandon Keefer' though believing Andrew Keefer was intended and simply misnamed;" and (6) currently, the electronic "docket indicates that both Andrew Keefer and Brandon Keefer are individual defendants in this matter."

As far as the electronic docket can illuminate, it appears that the confusion between Andrew Keefer and Brandon/Branden Keefer began with Ms. Carbajal's request to the private service company to serve Mr. Keefer on March 29, 2013. It is unclear whether this was simply an error on her part or whether the information was mistakenly conveyed to her from another person or entity. The Court notes that Plaintiffs have never in the same complaint named two separate individuals with the name of "Keefer"—therefore, it is apparent that they have only ever intended for one Mr. Keefer to be a party to this lawsuit, which also appears in line with Plaintiffs' comments in the Surreply [#163]. There is no question that Andrew Keefer has been repeatedly served with notice of this lawsuit, the first time on January 7, 2013, and that Mr. Hader entered an appearance on his behalf no later than April 9, 2013. In short, it appears that the existence of an individual named Brandon or Branden Keefer is a mistake that has been perpetuated by the errors of both parties and that Andrew Keefer is the real party in interest. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#135] is **GRANTED in part and DENIED**

**without prejudice in part**. The Motion is **granted** to the extent that Mr. Hader is relieved of any further representation of Brandon Keefer in this case. The Clerk of Court is instructed to terminate Mr. Hader as counsel of record for Brandon Keefer only.[1] The Motion is **denied without prejudice** to the extent that Mr. Hader seeks dismissal of Andrew Keefer. The Court will consider in due course whether Andrew Keefer should be dismissed from this lawsuit in the context of the Denver Defendants' Motion to Dismiss [#123].

IT IS FURTHER **ORDERED** that the Clerk of the Court shall terminate Brandon Keefer in both his official and individual capacities from this lawsuit.[2]

Dated: January 15, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[1] Andrew Keefer remains listed on the electronic docket in both his official and individual capacities. Mr. Hader continues to represent Andrew Keefer.

[2] The Court notes that nothing in this Order shall be construed as impairing Plaintiffs' rights to pursue their lawsuit against a Brandon or Branden Keefer based on subsequent information, if procedurally proper.