**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03231-REB-KLM

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

MITCHELL R. MORRISSEY, D.A. for the Second Judicial District, in his official and individual capacities, et al.,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn**, J.

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#185],[1] filed February 20, 2014; (2) the **Denver Defendants' Objections to Recommendation of United States Magistrate Judge** [#186], filed March 6, 2014; (3) **Plaintiff Dean Carbajal's Contemporaneous Objection to Recommendation of United States Magistrate Judge Kristen L. Mix [Doc # 185]** [#192], filed March 27, 2014; and (4) **Plaintiff** [*sic*] **Victoria Carbajal and Luis Leal's Contemporaneous Objection to Recommendation of United States Magistrate Judge Kristen L. Mix [#155]** [*sic*] [#193], filed March 27, 2014.  I overrule all objections, approve and adopt the recommendation, and grant all apposite motions to dismiss, save

---

[1] "[#185]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

as expressly provided herein.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

Because plaintiffs are proceeding *pro se*, I have construed their pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Nevertheless, as the magistrate judge aptly recognized, "[t]he general rule that pro se pleadings must be construed liberally has limits[.]" **McConnell v. Cirbo**, 2011 WL 1060667 at *3 (D. Colo. March 23, 2011). Plaintiffs' characterization to the contrary notwithstanding, I heartily concur with the magistrate judge's assessment that the Third Amended Complaint is dense, frequently ambiguous, rambling, and not as well-organized as its outward appearance – neatly handwritten with consecutively numbered sections and paragraphs – might suggest.

Regardless of the substantial obstacles thus posed by the byzantine nature of the operative pleading, the magistrate judge has done impressive and yeoman-like work in parsing plaintiffs' multiple claims in this lawsuit. Her recitation and analysis of the allegations underlying each claim asserted herein and the law applicable thereto is a model of thorough and conscientious lawyering. Any attempt on my part to further elucidate or analyze the issues raised by and inherent to the underlying motions would

be nothing more than a festooned reiteration of what has so ably been done already, and therefore prodigal on my part.

Suffice it to say that I find and conclude that the magistrate judge has completely and accurately vetted plaintiffs' Third Amended Complaint and cogently analyzed all issues raised by and inherent to the multiple motions to dismiss that were referred to her for recommendation. I agree on all fronts with her recommendation to dismiss all claims in this lawsuit[2] save for Mr. Carbajal's Fourteenth Amendment[3] claim of excessive force against Deputy Sheriff Andrew Keefer in his individual capacity.

I have considered plaintiffs' objections and find that they are, in large part, imponderous and without merit.[4] In arguing that the magistrate judge improperly recommended the dismissal of certain of their claims,[5] plaintiffs do little more than refer the court back to the wholly conclusory allegations of the Third Amended Complaint. Plaintiffs' further explanation of the theory of their case does not cure the absence of concrete, non-conclusory factual allegations in the Third Amended Complaint itself.

---

[2] Although not specifically referenced by the magistrate judge, I note that her recommendation that defendants Messrs. Watts and Fuller, investigators for the 2nd Judicial District, are entitled to prosecutorial immunity is fully consistent with the law of this circuit. **See Norton v. Liddel**, 620 F.2d 1375, 1381-82 (10th Cir. 1980).

[3] Plainly, the magistrate's reference to this claim as arising under the Fourth Amendment in a final footnote was mere scrivener's error. (**See Recommendation** at 67 n.42.) Substantively, the magistrate judge appropriately analyzed Mr. Carbajal's excessive force claim under the Fourteenth Amendment. (**See id.** at 43.)

[4] Ms. Carbajal and Mr. Leal's objection merely reiterates the arguments of their responses to the apposite motions to dismiss – which presents no cognizable objection at all, **see United States v. 2121 East 30th Street**, 73 F.3d 1057, 1060 (10th Cir. 1996) – and otherwise simply adopts the arguments advanced by Mr. Carbajal in his separate objection.

[5] In this regard, plaintiffs assert that the following claims are adequately pled: (1) excessive force as against defendants Watts and Mullin; (2) malicious prosecution as against defendants Dwyer, Kavanaugh, and Berardini; and (3) malicious prosecution against defendant Hagan.

Other of plaintiffs' objections suggest that the magistrate judge did not give the *pro se* complaint the proper liberal construction to which it was entitled. No fair reading of the recommendation could so conclude. Indeed, although the magistrate judge did find that plaintiffs' untethered invocation of 28 U.S.C. § 1367 in certain of their claims did not viably assert state law claims for relief, she also considered the possibility that plaintiffs might have attempted to assert state law claims in the particular circumstances where such an inference was at least colorable. (**See Recommendation** at 40 n.28 & 59 n.37.) Moreover, plaintiffs make no attempt to suggest how the allegations of the Third Amended Complaint otherwise could be construed to assert state law claims in any event. Likewise, they fail to inform the court how the facts alleged assert a viable claim for false arrest under the Fourth Amendment.

Plaintiffs next take pains to point out that the Eleventh Amendment does not bar claims for injunctive or prospective relief against certain defendants in their official capacities. Albeit true as a matter of law, the magistrate judge did not recommend dismissal of those claims on that basis, but rather suggested they should be dismissed because the relevant allegations of the Third Amended Complaint referred only to past, not prospective, conduct. (**See Recommendation** at 19-20.) Plaintiffs point to nothing in the Third Amended Complaint to contradict this assessment, which is well supported by my own review thereof.[6]

Plaintiffs further object that their abuse of process claims should not be barred by limitations because those claims did not accrue until Mr. Carbajal's sentencing hearing in

---

[6] Plaintiffs' argument that they have viable *Monell* claims against the Second Judicial District gain them nothing. The "Second Judicial District" is not a juridical entity capable of being sued at all. **See FED. R. CIV. P.** 17(b).

4

a separate case on January 24, 2011, when he allegedly learned for the first time that defendants Melnick, Mullin, and Morrissey had "direct filed" criminal burglary charges against him "illegally." (*See* **Third Am. Compl.** ¶¶ 21, 31, 33.) "A claim of abuse of process accrues when plaintiff learns that a criminal proceeding was filed against him." ***Small v. Young***, 2013 WL 5862650 at *3 (D. Colo. Oct. 31, 2013). According to the Third Amended Complaint, Mr. Carbajal was charged in the burglary case in July 2010. (*See* **Third Am. Compl.** ¶ 48.) The claim therefore accrued at that time – thus, well outside the applicable statute of limitations.

Lastly, plaintiffs insist that prosecutorial immunity is not appropriate in this case because the implicated defendants are being sued for actions taken outside their roles as advocates and officers of the court.[7] Courts take a functional approach to the determination whether a prosecutor is entitled to absolute immunity, focusing on "the nature of the functions with which a particular official or class of officials has been lawfully entrusted." ***Forrester v. White***, 484 U.S. 219, 224, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988). Under this approach, a prosecutor generally is not absolutely immune for her actions in procuring an arrest warrant because that act "is further removed from the judicial phase of criminal proceedings than the act of a prosecutor in seeking an indictment." ***Burns v. Reed***, 500 U.S. 478, 505, 111 S.Ct. 1934, 1949, 114 L.Ed.2d 547 (1991) (quoting ***Malley v. Briggs***, 475 U.S. 335, 342-43, 106 S.Ct. 1092, 1095, 1096-97, 89 L.Ed.2d 271 (1986)) (internal quotation marks omitted).

---

[7] In addition, plaintiffs note that prosecutorial immunity does not absolve a defendant from liability for the destruction of exculpatory evidence. The magistrate judge acknowledged this exception, but found, with respect to plaintiffs' malicious prosecution and retaliation claims, that at best, plaintiffs had made only conclusory allegations. (**See Recommendation** at 25-26 n.22, 54 n.33 & 55 n.35.) I fully concur with this assessment.

The facts alleged in this case, however, are plainly distinguishable. Plaintiffs' claim is that Ms. Melnick presented an allegedly false affidavit to secure Ms. Carbajal's and Mr. Leal's arrests for failing to appear to testify at trial.[8] The warrants thus were issued within the context of an underlying litigation in which charges had already been filed. The decision to charge Ms. Carbajal and Mr. Leal with contempt of court and subsequently issue arrest warrants, therefore, was "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Accordingly, the issuance of the arrest warrants was part and parcel of Ms. Melnick's role as an officer of the court and advocate for the state in the underlying criminal prosecution. *See, e.g.*, *Light v. Haws*, 472 F.3d 74, 79 (3rd Cir. 2007); *Tanner v. Heise*, 879 F.2d 572, 578 (9th Cir. 1989); *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989); *Barr v. Abrams*, 810 F.2d 358, 361-62 (2nd Cir. 1987). Prosecutorial immunity therefore is appropriate in these circumstances.

Turning to defendants' objections, I reject their suggestion that the Third Amended Complaint fails to adequately allege, in respect to the claim of excessive force against Deputy Sheriff Keefer, that Mr. Carbajal's constitutional rights were clearly established at the time of the alleged violation. The level of correspondence between the facts of this case and any relevant precedents is not as exacting as defendants suppose:

> To defeat a claim of qualified immunity, plaintiffs need not point to a prior holding that the specific conduct at issue is unlawful; rather, the unlawfulness of the alleged action must have been apparent. Moreover, it is incumbent upon government officials to make reasonable applications of the

---

[8] The allegations concerning Ms. Melnick's actions are the only non-conclusory allegations relevant to these claims. (*See* **Third Am. Compl**. ¶ 37.)

prevailing law to their own circumstances.

***Jones v. Hunt***, 410 F.3d 1221, 1229 (10th Cir. 2005) (citations and internal quotation marks omitted). Thus " officials committing outrageous, yet sui generis, constitutional violations ought not to shield their behavior behind qualified immunity simply because another official has not previously had the audacity to commit a similar transgression." *Id.* at 1230.

Plaintiffs have alleged that Deputy Sheriff Keefer attacked Mr. Carbajal without provocation while he was escorting Mr. Carbajal from the holding cell in the Denver District Court. As the Tenth Circuit confirmed just this month, "there undoubtedly is a clearly established legal norm precluding the use of violent physical force against a criminal suspect or detainee who already has been subdued and does not present a danger to himself or others." ***Estate of Booker v. Gomez***, – F.3d –, 2014 WL 929157 at *18 (10th Cir. March 11, 2014) (citation and internal quotation marks omitted).[9] ***See also Morris v. Noe***, 672 F.3d 1185, 1197-98 (10th Cir. 2012) (finding that law was clearly established, even in the absence of similar prior cases, when use of force was clearly unjustified in light of factors enunciated in ***Graham v. Connor***, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871-72, 104 L.Ed.2d 443 (1989)). Based on the facts alleged herein, it would have been apparent to a reasonable official at the time of the alleged attack that striking a pre-trial detainee repeatedly in the head and slamming him up against a wall,

---

[9] The Tenth Circuit thus found this law to be clearly established at the time the defendants in ***Estate of Booker*** allegedly acted, i.e., in mid-2010. ***See Estate of Booker***, 2014 WL 929157 at *4, *18. This is the same period of time in which the alleged attack on Mr. Carbajal took place. Although the use of force Deputy Keefer allegedly employed was not deadly, as in ***Estate of Booker***, the operative allegations nevertheless suggest force excessive to the need to restrain or subdue Mr. Carbajal, thus making the case relevant.

all without any provocation, amounts to excessive force. ***See id.*** at 1195 ("In determining whether the use of force is reasonable in a particular situation, we consider (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee."). I therefore overrule defendants' objections.

Finally, I concur with the magistrate judge that affording plaintiffs yet another opportunity to amend their complaint in an attempt to assert plausible causes of action would be futile. Plaintiffs are now on their fourth iteration of these same claims. They have had more than adequate opportunity to bring forth facts sufficient to support their allegations. Their continuing failure to meet the relatively minimal pleading standards of Rules 12(b) and 8(a) suggests the futility of further amendment and counsels dismissal of their claims with prejudice. ***See Sheldon v. Vermonty***, 269 F.3d 1202, 1207 n. 5 (10th Cir. 2001); ***Meadow at Buena Vista, Inc. v. Arkansas Valley Public. Co.***, 2012 WL 502688 at *9 (D .Colo. Feb. 15, 2012), ***aff'd***, 505 Fed. Appx 800 (10th Cir. Dec. 18, 2012).

I am wholly unpersuaded by plaintiffs' suggestion that a dismissal with prejudice is unwarranted because they have additional facts to plead. Even if this suggestion were not procedurally improper, ***see* D.C.COLO.LCivR** 7.1(d) ("A motion shall be made in a separate document."), plaintiffs make no attempt to substantiate it. Moreover, I find no merit to plaintiffs' argument that they have been hampered in their efforts to assert viable claims for relief due to inadequate legal resources. This suggestion is patently belied by the record in this case. As the magistrate judge noted, Mr. and Ms. Carbajal are both

seasoned *pro se* litigants.[10] Plaintiffs have vigorously litigated this case, and one need only refer to Mr. Carbajal's objection to the instant recommendation to realize that he is no legal novice and understands more than enough relevant law to adequately plead plaintiffs' case.

Moreover, it is not plaintiffs' lack of legal acumen *vel non* that underlies their failure to withstand the motions to dismiss – rather, it is their continuing inability to plead facts (as opposed to mere conclusions) sufficient to make out plausible claims for relief. Plaintiffs do not require a legal degree to apprise the court of the facts they believe create liability on the part of defendants. That they have been unable to do so despite repeated attempts counsels against the provision of yet further opportunity to amend.

Accordingly, I find and conclude that the recommendation should be approved and adopted as an order of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#185], filed February 20, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in **Denver Defendants' Objections to Recommendation of United States Magistrate Judge** [#186], filed March 6, 2014, are **OVERRULED**;

---

[10] In addition, I reject plaintiffs' contention that their Third Amended Complaint was merely "supplemental" to earlier pleadings. As these well-versed federal litigants should know, this is not the law. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (citation and internal quotation marks omitted); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, **Federal Practice & Procedure** § 1476 (2nd ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").

3. That the objections stated in **Plaintiff Dean Carbajal's Contemporaneous Objection to Recommendation of United States Magistrate Judge Kristen L. Mix [Doc # 185]** [#192], filed March 27, 2014, are **OVERRULED**;

4. That **Plaintiff** [sic] **Victoria Carbajal and Luis Leal's Contemporaneous Objection to Recommendation of United States Magistrate Judge Kristen L. Mix [#155]** [sic] [#193], filed March 27, 2014, is **OVERRULED**;

5. That the following motions are **GRANTED**:

   a. The **State Defendants' Motion To Dismiss Plaintiffs' Third Amended Complaint** [#101], filed June 12, 2013;

   b. **Defendant Berardini's Motion To Dismiss Third Amended Complaint** [#103], filed June 12, 2013;

   c. **Motion To Dismiss Third Amended Complaint from Defendants Mitchell R. Morrissey, Jeffrey Watts, Robert Fuller[,] Rebekah Melnick, and Lara Mullin** [#105], filed June 14, 2013;

   d. **Ms. Williams' Motion To Dismiss Third Amended Complaint** [#114], filed June 26, 2013 (as supplemented by **Defendant Michael Carrigan's Joinder in Marie Williams' Motion To Dismiss Third Amended Complaint [Doc. 114]** [#116], filed June 27, 2013); and

   e. **Motion by Defendants Wells Fargo Bank, N.A., Carol Dwyer, and Janell Kavanaugh To Dismiss Plaintiffs' Third Amended Complaint Pursuant to Rule 12(b)(6)** [#119], filed July 8, 2013;

6. That the **Denver Defendants' Motion To Dismiss Plaintiff's Third Amended**

**Complaint** [#123], filed July 8, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED** with respect to all claims asserted against defendants, Michael Simpson, Jay Lopez, and Gilbert Hagan; and

    b. That the motion is **DENIED** with respect to Mr. Carbajal's claim of excessive force against defendant, Andrew Keefer, in his individual capacity;

7. That the following claims are **DISMISSED WITHOUT PREJUDICE**:

    a. All claims seeking monetary damages against defendants, Miles Flesche, Anne Mansfield, Michael Martinez, and John Suthers, in their official capacities;

    b. All claims seeking declaratory relief against defendants, Anne Mansfield and John Suthers, in their official and individual capacities;

    c. All claims seeking injunctive relief against defendants, Anne Mansfield, Michael Martinez, and Miles Flesche, in their official and individual capacities; and

    d. All putative state law claims that may have been intended to be asserted in this matter;

8. That all other claims in this lawsuit, except for plaintiffs' Claim 3[11] alleging

---

[11] My numerical reference to this sole remaining claim is consistent with and based on that crafted by the magistrate judge to organize plaintiffs' allegations. Specifically, the magistrate judge set forth the following categorization of plaintiffs' claims:

- **Claim 1:** Malicious prosecution under 42 U.S.C. § 1983, consisting of:

    **(a) Count 1:** malicious prosecution for contempt of court against defendants

excessive force against Andrew Keefer in his individual capacity, are **DISMISSED WITH PREJUDICE**;

 9. That at the time judgment enters, judgment **SHALL ENTER** as follows:

  a. That judgment **without prejudice** shall enter as to the following claims

---

   Watts, Mullin, Fuller, Melnick, and Morrissey;
   **(b) Count 2:** malicious prosecution for burglary against defendants Hagan, Watts, Mullin, Melnick, Morrissey, Dwyer, Kavanaugh, and Berardini;

- **Claim 2:** Fraudulent concealment and intentional misrepresentations under 42 U.S.C. § 1983 and 12 U.S.C. §§ 501a, 503 against defendants Mullin, Melnick, Watts, Morrissey, Fuller, Dwyer, Kavanaugh, and Berardini;

- **Claim 3:** Unreasonable and/or excessive force under 42 U.S.C. § 1983 against defendants Keefer, Mullin, Watts, Mansfield, and Morrissey;

- **Claim 4(a):** Retaliation under 42 U.S.C. § 1983, consisting of:

  **(a) Count 1:** Retaliation through threats, intimidation, and fraud against defendants Dwyer, Kavanaugh, Watts, Fuller, Morrissey, and Berardini;
  **(b) Count 2:** Retaliation based on false arrest for contempt of court against defendants Mullin, Fuller, Watts, Melnick, Morrissey, and Mansfield;
  **(c) Count 3:** Retaliation based on malicious stonewalling of litigation against defendants Mansfield, Flesche, Martinez, Mullin, Melnick, Morrissey, Williams, and Carrigan;

- **Claim 4(b):** Due process violation under 42 U.S.C. § 1983, consisting of:

  **(a) Count 1:** Due process violation based on denial of prompt determination of probable cause against defendants Simpson, Lopez, Hagan, Melnick, Watts, Mullin, and Morrissey;
  **(b) Count 2:** Due process violation based on defendant Mansfield's "bent mind" toward plaintiffs;
  **(c) Count 3:** Due process violation based on suppression and destruction of material evidence against defendants Watts, Morrissey, Dwyer, Kavanaugh, Wells Fargo, Berardini, Williams, and Carrigan;

- **Claim 5:** Abuse of process under 42 U.S.C. § 1983, consisting of:

  **(a) Count 1:** Abuse of process based on the improper filing of "shelf cases" against defendants Morrissey, Mullin, Melnick, Watts, Lopez, and Simpson;
  **(b) Count 2:** Abuse of process based on improper direct filing of case 10CR3824 against defendants Mullin, Melnick, Watts, and Morrissey; and
  **(c) Count 3:** Abuse of process based on misuse of a frivolous burglary charge by defendants Hagan, Watts, Mullin, Melnick, Morrissey, and Mansfield.

(*See* **Recommendation** at 17-18.)  Thus, with the solitary exception of Claim 3 as against Deputy Sheriff Keefer in his individual capacity, the remainder of these claims are dismissed with prejudice.

and parties:

(1) On behalf of defendants, Miles Flesche, District Administrator and Clerk for the Second Judicial District; Anne Mansfield, District Court Judge for the Second Judicial District; Michael Martinez, District Court Judge for the Second Judicial District; and John Suthers, Attorney General for the State of Colorado, and against plaintiffs, Victoria Carbajal, Dean Carbajal, and Luis Leal, as to all claims seeking monetary damages against these defendants in their official capacities;

(2) On behalf of defendants, Anne Mansfield, District Court Judge for the Second Judicial District; and John Suthers, Attorney General for the State of Colorado, and against plaintiffs, Victoria Carbajal, Dean Carbajal, and Luis Leal, as to all claims seeking declaratory relief against these defendants in their official and individual capacities;

(3) On behalf of defendants, Miles Flesche, District Administrator and Clerk for the Second Judicial District; Anne Mansfield, District Court Judge for the Second Judicial District; and Michael Martinez, District Court Judge for the Second Judicial District, and against plaintiffs Victoria Carbajal, Dean Carbajal, and Luis Leal, as to all claims seeking injunctive relief against these defendants in their official and individual capacities; and

(4) On behalf of all defendants, in whatever capacity sued, and

       against plaintiffs, Victoria Carbajal, Dean Carbajal, and Luis Leal, as to all putative state law claims that may have been intended to be asserted in this matter;

    b.  That judgment **with prejudice** shall enter on behalf of all remaining defendants, in whatever capacity sued, and against plaintiffs, Victoria Carbajal, Dean Carbajal, and Luis Leal, as to all other claims asserted in this lawsuit, with the exception of Mr. Carbajal's claim of excessive force against defendant Andrew Keefer, Deputy Sheriff for the Denver Sheriff's Department, in his individual capacity;

10.  That plaintiffs, Victoria Carbajal and Luis Leal, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly; and

11.  That all defendants, other than Andrew Keefer, Deputy Sheriff for the Denver Sheriff's Department, in his individual capacity, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

Dated March 31, 2014 at Denver, Colorado.

        **BY THE COURT:**

        *Bob Blackburn*
        Robert E. Blackburn
        United States District Judge