**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03231-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ANDREW KEEFER, Deputy Sheriff for the Denver Detention Center, in his individual capacity,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Leave To Appeal the Trial Court's Order Overruling Objections to and Adopting Recommendation of United States District Court** [*sic*] **Magistrate Judge, and an Orde** [*sic*] **Directing the Clerk To Enter Judgment** [#219],[1] filed May 21, 2014.[2] Although plaintiff purports to seek relief under Rule 58, what he essentially requests is the right to pursue an interlocutory appeal. Interlocutory appeals may be granted under Fed. R. Civ. P. 54(b) or, alternatively, under 28 U.S.C. § 1292(b). Under either provision, however, plaintiff is not entitled to relief. I therefore deny the motion.

---

[1] "[#219]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The defendant is proceeding pro se. Thus, I have construed his paper with the judicial munificence due pro se litigants. *See **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Rule 54(b) provides that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Compliance with the rule thus requires that I find both that the judgment as to which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action" and further that there exists no just reason to delay entry of judgment. **Curtiss-Wright Corp. v. General Electric Co.**, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464-65, 64 L.Ed.2d 1 (1980) (citation and internal quotation marks omitted). My discretion to grant or deny certification "is to be exercised 'in the interest of sound judicial administration.'" **Id**., 100 S.Ct. at 1465 (quoting **Sears, Roebuck & Co. v. Mackey**, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956)).

In determining whether the judgment is final for purposes of Rule 54(b), "[f]actors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting **Curtiss-Wright Corp**., 100 S.Ct. 1465 (second and third alterations in **Stockman's**).

Pursuant to 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

The terms of the statute admit of four criteria that must be satisfied before an issue may be certified for pretrial appeal:  (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  ***In re Grand Jury Proceedings June 1991***, 767 F.Supp. 222, 223 (D. Colo. 1991).  Although appeals under this section are exceedingly rare, they may be permitted where immediate appeal of a controlling issue will avoid protracted litigation.  ***State of Utah by and through Utah State Department of Health v. Kennecott Corp.***, 14 F.3d 1489, 1495 (10th Cir. 1994); ***McDonald v. Holder***, 2010 WL 5387482 at *2 (N.D. Okla. Dec. 17, 2010).  As under Rule 54(b), I have discretion in determining whether to certify an order for interlocutory appeal under the statute.  ***See Swint v. Chambers County Commission***, 514 U.S. 35, 47, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995); ***Etienne v. Wolverine Tube, Inc.***, 15 F.Supp.2d 1060, 1062 (D. Kan. 1998).

Nothing in plaintiff's motion suggests that an interlocutory appeal is appropriate under either of these rubrics.  Section 1292(b) is clearly inapplicable.  Assuming *arguendo* that the first three elements of the statute could be satisfied, clearly this is not

a case in which immediate appeal may materially advance termination of the litigation. Indeed, just the opposite – the relief plaintiff seeks on appeal would greatly expand the scope of this case. Thus, appeal under section 1292(b) is not available.

Nor has plaintiff demonstrated entitlement to relief under Rule 54(b). Plaintiff suggests that he is subjected to continuing "bad faith prosecutions" by unnamed former defendants against whom plaintiff's claims for injunctive relief were dismissed without prejudice. In general, an interlocutory appeal should not be granted where a claim has been dismissed without prejudice. **See Jackson v. Volvo Trucks North America, Inc.**, 462 F.3d 1234, 1238 (10th Cir. 2006); **Mitchell v. Rocky Mountain Cancer Centers, LLP**, 2008 WL 4649028 at *2 (D. Colo. Oct. 20, 2008). Although there is an exception to this rule "where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court," effectively preventing the plaintiff from refiling the claim in federal court, **Jackson**, 462 F.3d at 1238, that exception is inapplicable here.[3]

Moreover, even if the requirement of finality were satisfied, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." **Curtiss-Wright Corp.**, 100 S.Ct. at 1465. Rather, partial final judgment is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving

---

[3] The fact that plaintiff has been denied further leave to amend his complaint in this lawsuit does not bring this case under that exception. Contrary to plaintiff's suggestion, a dismissal without prejudice does not have preclusive effect because it is not a determination on the merits. **See Cooter & Gell v. Hartmarx Corp.**, 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990); **EEOC v. W.H. Braum, Inc.**, 347 F.3d 1192, 1201-02 (10th Cir. 2003).

multiple parties or multiple claims.  ***Jordan v. Pugh***, 425 F.3d 820, 829 (10th Cir.2005). The court's discretion to determine when each decision in a case involving multiple claims and/or multiple parties is ripe for appeal is guided by "the interest of sound judicial administration." ***Curtiss-Wright Corp.***, 100 S.Ct. at 1465 (citation and internal quotation marks omitted).  "[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely." ***Id.*** at 1466.  Plaintiff's vague, unsubstantiated assertions are far too ephemeral to suggest that justice requires the extraordinary remedy of interlocutory appeal be invoked here.

Accordingly, I find and conclude that it would be an abuse of discretion to grant plaintiff's request to certify this case for an interlocutory appeal, and thus deny the motion.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Leave To Appeal the Trial Court's Order Overruling Objections to and Adopting Recommendation of United States District Court** [sic] **Magistrate Judge, and an Orde** [sic] **Directing the Clerk To Enter Judgment** [#219], filed May 21, 2014, is **DENIED**.

Dated June 24, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge