IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03231-PAB-KLM

DEAN CARBAJAL

    Plaintiff,

v.

ANDREW KEEFER, in his individual capacity,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) for Failure to Exhaust Administrative Remedies** [#256][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#278] in opposition to the Motion, Defendant filed a Reply [#282], and Plaintiff filed a Surreply [#283].[3] The Court has reviewed the Motion, Response, Reply, Surreply, the entire case

---

[1] "[#256]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall,* 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] Plaintiff filed the Surreply without properly seeking leave of the Court, i.e., by filing a separate motion. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."); *Surreply* [#283] at 1 (stating that "Plaintiff respectfully moves the Court for leave to file this surreply, based on new

file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#256] is **DENIED without prejudice**.

## I. Background

Plaintiff is a state prisoner currently incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. *Third Am. Compl.* [#90] at 2; *Notice* [#137]. The only claim remaining in this lawsuit is a Fourteenth Amendment claim of excessive force against Defendant Deputy Sheriff Andrew Keefer in his individual capacity. *See Order* [#198] at 11-13. As summarized by Judge Blackburn in evaluating Defendant's qualified immunity argument in connection with a motion to dismiss:

> Plaintiff[ ] ha[s] alleged that Deputy Sheriff Keefer attacked Mr. Carbajal without provocation while he was escorting Mr. Carbajal from the holding cell in the Denver District Court. . . . Based on the facts alleged herein, it would have been apparent to a reasonable official at the time of the alleged attack that striking a pre-trial detainee repeatedly in the head and slamming him up against a wall, all without any provocation, amounts to excessive force.

*Id.* at 7-8. The exact circumstances underlying this claim are immaterial for resolution of the present motion, in which Defendant moves to dismiss the only remaining claim pursuant to Fed. R. Civ. P. 12(c) based on Plaintiff's asserted failure to exhaust administrative

---

evidence and false accusations of fraud."). Surreplies are not contemplated by the Federal Rules of Civil Procedure or the Local Rules of Practice. However, "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "Materials, for purposes of this framework, include both new evidence and new legal arguments." *Id.* (internal quotation marks and citation omitted). "If the [Court] does not rely on the new material in reaching its decision, [ ] it does not abuse its discretion by precluding a surreply." *Id.* (internal quotation marks and citation omitted). Defendant has not moved to strike the Surreply, and the Court has therefore examined the Surreply along with the other briefs. Given that Defendant raised the issue of forgery for the first time in the Reply with respect to some of evidence submitted by Plaintiff in connection with his Response, the Court accepts the Surreply for filing because Plaintiff addresses this issue therein. However, Plaintiff is warned that future requests to file a Surreply must be made by filing an accompanying motion.

remedies.

## II. Standard of Review

Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion filed pursuant to Fed. R. Civ. P. 12(c) is evaluated using the same standard which applies to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Farris v. Garden City, Kan.*, __ F. App'x __, __, No. 15-3160, 2016 WL 496046 (Mem), at *1 (10th Cir. Feb. 9, 2016) (citing *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013)). However, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Reid v. United States*, 626 F. App'x 766, 768 (10th Cir. 2015). Here, the parties have submitted a variety of exhibits in connection with the briefing on the exhaustion issue. *See generally Motion* [#256]; *Response* [#278]; *Reply* [#282].

Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, the Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and

to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). None of these exceptions apply to the exhibits provided by the parties.

Regardless, Defendant argues that the Motion need not be converted to a motion for summary judgment because the issue is solely regarding whether Plaintiff properly exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a). [#256] at 4-5. As one district court recently stated after a survey of authority from the Tenth Circuit Court of Appeals, "the circuit court has not indicated that a motion seeking dismissal under Rule 12(b)(6) of a prisoner's . . . claims for failure to exhaust administrative remedies is improper or that such a motion must or must not be converted to a motion for summary judgment, even if it relies on evidentiary documents outside of the complaint." *Wilson v. Corr. Corp. of Am.*, No. CIV-14-779-W, 2015 WL 918801, at *4 (W.D. Okla. Mar. 2, 2015). However, the better practice in this situation appears to be either to exclude extraneous evidence submitted and evaluate the motion pursuant to Fed. R. Civ. P. 12(b)(6) or else to convert the motion into one for summary judgment. *See, e.g.*, *id.*; *Fleet v. Tidwell*, No. 14-cv-02632-NYW, 2015 WL 4761190, at *2 (D. Colo. Aug. 13, 2015); *Abbus v. Miller*, No. CIV-14-214-C, 2014 WL 6901504, at *3 (W.D. Okla. Dec. 5, 2014). Here, given the parties' submission of evidence in connection with the Motion [#256], the Response [#278], and the Reply [#282], the Court finds that the Motion should be converted into a motion for summary judgment and evaluated pursuant to Fed. R. Civ. P. 56.

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should enter if the pleadings, the

discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere

reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998).

### III.  Analysis

Aside from the conversion of the Motion, several other issues must be addressed before reaching the merits of Defendant's argument.  First, Plaintiff takes issue with the timing of Defendant's Motion.  The discovery deadline was September 30, 2014.  *See* [#210].  The dispositive motions deadline was October 31, 2014 (although none were filed by either party at that time).  *See id.*  The Motion [#256] was filed on January 8, 2016.  The Final Pretrial Conference was held on January 12, 2016.  *See* [#260].  Based on this time line of procedural events, Plaintiff argues that the exhaustion defense was not timely raised and was therefore waived.  *See Response* [#278] at 4-9.

However, a defendant raising the issue of exhaustion pursuant to 42 U.S.C. § 1997e(a) is not required to do so in his answer or even in a motion filed by the dispositive motions deadline.  In *Beaudry v. Corrections Corporation of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), the Tenth Circuit Court of Appeals held:

> Here, the decision on exhaustion was made on the eve of trial . . . . At that stage of the proceedings, once defendants raised the exhaustion issue, the court quite properly addressed it, considering all available evidence. . . . Nor are we persuaded that the district court erred in not finding that defendants had waived their exhaustion defense by waiting so late to raise it.  The statutory requirement of § 1997e(a) is mandatory, and the district court was not authorized to dispense with it.

None of the legal authority cited by Plaintiff (which is primarily from other jurisdictions) changes the application of *Beaudry* to the circumstances of the present case.  Given that Plaintiff has not directed the Court's attention to any pleading or other action of Defendant

that could reasonably be construed as a waiver of this defense, *Beaudry* precludes any viable timing arguments raised by Plaintiff, including abandonment and the doctrine of laches.

Plaintiff also asserts that he will be prejudiced by a decision on the exhaustion issue because his discovery requests during the discovery period were focused purely on the use of excessive force by Defendant and "[n]ot a single witness or exhibit is prepared to contest the bad faith and surprise defense of non-exhaustion . . . ." *Response* [#278] at 9. Defendant responds that Plaintiff has already asked for and received a response regarding the only obvious discovery Plaintiff would need to demonstrate exhaustion, i.e., copies of the grievances and other documents he submitted after the alleged incident with Defendant Keefer. *See Def.'s Ex. J, Plaintiff Dean Carbajal's First Set of Written Discovery to Defendant Andrew Keefer* [#282-6] at 11 ("Produce all complaints and grievances filed by Mr. Carbajal with the Denver Detention Center."); *Def.'s Ex. K, First Supplemental Responses to Plaintiff Dean Carbajal's First Set of Written Discovery to Defendant Andrew Keefer* [#282-7] at 11 ("Defendant Keefer objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Subject to this request and without waiving same, Defendant Keefer has requested any complaints and grievances filed by Mr. Carbajal with the Denver Detention Center that relate in any way to Defendant Keefer, and will produce any responsive documents upon receipt.") ("Without waiving and subject to the objection included in the original response, a copy of the grievance filed relating to the events forming the basis of the Plaintiff's remaining claim is being produced at KEEFER000258.").

Generally, "where the district court intends to convert the motion, the court should

give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) (internal quotation marks and citation omitted). The issues raised by the parties are more complex than the need to simply produce the appropriate grievance forms. Plaintiff raises issues regarding the alleged destruction of grievance forms by detention center personnel as well as the refusal of detention center personnel to deliver his grievance forms to the appropriate persons.[4] *See generally Response* [#278]; *Surreply* [#283]. Defendant raises the issue of forgery by Plaintiff regarding some of the grievance letters submitted by Plaintiff and allegedly written by Plaintiff to fulfill the exhaustion process. *See Reply* [#282]. These are not issues which were or could have been addressed by the written discovery related to Plaintiff's request for copies of grievances. Although the parties have provided some exhibits in connection with the Motion [#256], the Response [#278], and the Reply [#282], it is important that both parties have a full and fair opportunity to present to the Court all relevant material in order to determine whether Plaintiff exhausted his administrative remedies and/or was prevented from doing so by staff at the detention center. Defendant may again raise any appropriate argument regarding exhaustion, including the issue of whether Plaintiff forged grievances, in a future motion for summary

---

[4] The Court notes that pursuant to Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Here, because the Motion [#256] was filed pursuant to Fed. R. Civ. P. 12(c) and is only by this Order being converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the Court does not require Plaintiff to make the requisite showing by affidavit or declaration.

judgment.

## IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#256] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the discovery deadline is extended to **July 27, 2016**, for the sole purpose of conducting discovery related to the issue of exhaustion.  Each party may take up to five (5) depositions and propound up to fifteen (15) requests for admission, fifteen (15) requests for production, and fifteen (15) interrogatories relating to this issue.

IT IS FURTHER **ORDERED** that the dispositive motions deadline is extended to **August 26, 2016**, for the sole purpose of filing motions related to the issue of exhaustion.

Dated April 27, 2016, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge