IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 12-cv-03231-PAB-KLM

VICTORIA CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

REBEKAH MELNICK,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint [Docket No. 420]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

## I. BACKGROUND[1]

This case involves plaintiff's claim for malicious prosecution based on alleged false testimony of defendant, a former deputy district attorney for Colorado's Second Judicial District, regarding plaintiffs' alleged failure to appear for a trial subpoena. *See* Docket No. 419 at 2. In 2011, plaintiffs were subpoenaed to testify in a state criminal trial scheduled for July 27, 2011. *See id.* at 3, ¶ 7. On July 5, 2011, the state court vacated the July 27 trial date. *Id.*, ¶ 8. No one informed plaintiffs that the trial date was vacated. *Id.* On July 27, defendant appeared before a different judge than the one

---

[1] The Court assumes that the allegations in plaintiffs' fourth amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

assigned to the criminal case and "testified ex parte as to the non-appearance" of plaintiffs for the July 27, 2011 trial. *Id.*, ¶ 9. Defendant "testified" that plaintiffs "had been subpoenaed to testify for trial this date, July 27, 2011, but failed to appear." *Id.*, ¶ 10. Subsequently, the judicial officer issued a warrant to arrest plaintiffs for contempt of court. *Id.*, ¶ 11. Both plaintiffs were arrested and released on bond. *Id.* at 4, ¶¶12-13. At the hearing on August, 8, 2011, the "charges" were dropped and plaintiffs were informed that the trial had been continued to November 29, 2011. *Id.*, ¶ 14.

This case was originally filed on December 11, 2012, with plaintiffs asserting numerous claims on a wide range of activity against many defendants. *See generally* Docket No. 1. On February 20, 2014, the magistrate judge issued a recommendation on defendants' motion to dismiss, recommending that all claims be dismissed. *See* Docket No. 185. On March 31, 2014, Judge Robert Blackburn accepted the magistrate judge's recommendation. *See generally* Docket No. 198. Plaintiffs appealed the decision. *See* Docket No. 216. The Tenth Circuit affirmed on all counts except malicious prosecution against defendant for her actions regarding the contempt proceeding. *See Carbajal v. McCann*, 808 F. App'x 620, 640 (10th Cir. 2020) (unpublished). Specifically, the Tenth Circuit concluded that, although prosecutors have absolute immunity for actions intimately associated with the judicial process, they do not when they act as witnesses. *See id.* at 630-32. Because the complaint alleged that defendant provided false testimony to the court, the Tenth Circuit reversed the grant of absolute immunity. *Id.* at 631-32. After the Court vacated the dismissal of the malicious prosecution claim, plaintiffs filed their fourth amended complaint. *See* Docket

No. 419.  On November 23, 2020, defendant filed the present motion to dismiss, arguing that she is entitled either to absolute or qualified immunity for her actions leading to plaintiffs' arrest.  *See generally* Docket No. 420.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

### A. Absolute Immunity

Defendant argues that she is entitled to absolute immunity for two reasons: (1) the docket sheet of the state court proceedings, which she asks the Court to take judicial notice of, establishes that she did not testify and only presented affidavits sworn by others to the court and (2) she was acting within her role as an advocate before the court. *See* Docket No. 420 at 8-11. The Court finds that the docket sheet is insufficient to demonstrate that defendant did not testify at the hearing and, furthermore, that defendant's second argument is foreclosed by the Tenth Circuit's ruling on appeal.

To state a claim for malicious prosecution, a plaintiff must adequately allege: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the

original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citation omitted). However, prosecutors are generally "entitled to absolute immunity . . . for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Carbajal*, 808 F. App'x at 631 (citing *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)). Nonetheless, "administrative duties" and "investigatory functions" that are unrelated to the "initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Accordingly, a prosecutor will not be afforded immunity if she acts as a witness and not an advocate. *Id.* (citing *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009)).

On appeal, the Tenth Circuit noted that, because plaintiffs alleged that defendant "presented false information," plaintiffs had sufficiently alleged that defendant provided "alleged testimony" to the court and, as a result, defendant would not have "absolute prosecutorial immunity for [her] acts as a witness." *Id.* at 631-32. In an effort to distinguish the Tenth Circuit's ruling, defendant argues that the docket sheet of the state court proceeding conclusively establishes that defendant did not testify at the hearing, but merely presented the certificates of service that demonstrate plaintiffs were served with subpoenas for the July 27, 2011 trial. *See* Docket No. 420 at 9. The docket sheet, however, is not as clear as defendant suggests. The docket entry states that "Dda Personally Served" plaintiffs with subpoenas to appear on July 27, 2011, that plaintiffs failed to appear on July 27, 2011, and that the court would issue a bench

warrant for each of them. *See* Docket No. 422 at 10-11. The docket sheet otherwise does not indicate what happened at the hearing and does not disprove plaintiff's allegation in the complaint that defendant "testified." Given that the Court must accept plaintiffs' allegations as true, and the docket sheet does not contradict plaintiffs' allegations, it is insufficient to demonstrate that defendant did not testify.[2]

Defendant next argues that her actions at the August 8, 2011 contempt hearing were within her role as an advocate for the state, primarily based on a case from the Sixth Circuit. *See* Docket No. 420 at 11 (citing *Adams v. Hanson*, 656 F.3d 397, 403-04 (6th Cir. 2011)). Defendant suggests that there is no other Tenth Circuit case on point and, as a result, the Court should follow the reasoning of the Sixth Circuit. However, the Sixth Circuit's approach in *Hanson* is foreclosed by plaintiffs' appeal. On appeal in this case, the Tenth Circuit concluded that defendant is not protected by absolute immunity for allegedly testifying at the contempt proceeding. *See Carbajal*, 808 F. App'x at 631-32. It is unclear how the Court could now rule the opposite, based on a case from a different circuit, and find that defendant is in fact protected by absolute immunity for her alleged testimony at the contempt proceeding.

Accordingly, because the docket sheet does not contradict plaintiffs' allegations that defendant testified at the contempt hearing, and the Tenth Circuit has held that

---

[2] Defendant also argues that plaintiffs' complaint is based on "nothing more than [p]laintiffs' belief, with absolutely no factual support," particularly because plaintiffs did not attend the hearing where the contempt warrants were issued. *See* Docket No. 420 at 7. However, personal knowledge is not necessarily required to make a sufficient factual allegation in a complaint. Moreover, the Tenth Circuit implicitly found that plaintiffs' allegation that defendant testified was sufficient, foreclosing any argument to the contrary on remand. *See Carbajal*, 808 F. App'x at 631-32.

defendant would not be protected by absolute immunity for such actions, the Court finds that defendant is not entitled to absolute immunity.

### B. Qualified Immunity

Defendant argues that, even if she is not entitled to absolute immunity, she is entitled to qualified immunity because plaintiffs' allegations do not support a claim for a constitutional violation. See Docket No. 420 at 12-16. Plaintiffs respond that their right to be free from malicious prosecution is clearly established and that the complaint is sufficient to make out a claim. See Docket No. 426 at 12-16. The Court agrees with defendant.

Qualified immunity "protects public employees from both liability and 'from the burdens of litigation' arising from their exercise of discretion." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013)). For a claim to survive a qualified immunity defense, "the onus is on the plaintiff to demonstrate '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Id.* (emphasis omitted) (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)). Moreover, a "plaintiff must make this demonstration 'on the facts alleged.'" *Quinn*, 780 F.3d at 1004 (quoting *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009)). Courts are permitted to address the prongs of the qualified immunity analysis in any order that they wish and, should "think hard" before addressing both prongs of the analysis. See *Hunt v. Bd of Regents of Univ. of N.M.*, 792 F. App'x 595, 600-01 (10th Cir. 2019) (unpublished) (citing *Camreta v. Greene*, 563

U.S. 692, 707 (2011)); *see also Yeasin v. Durham*, 719 F. App'x 844, 850 (10th Cir. 2018) (unpublished) ("We can analyze either prong of the qualified immunity test first and can resolve the case solely on the clearly established prong." (citing *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013)).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A plaintiff can demonstrate that a right is clearly established "by identifying an on-point Supreme Court or published Tenth Circuit decision" establishing the unlawfulness of the defendant's actions. *Cummings*, 913 F.3d at 1239 (quoting *Quinn*, 780 F.3d at 1005). "Although it is not necessary for the facts in the cited authority to correspond exactly to the situation the plaintiff complains of, the 'plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited.'" *Estate of B.I.C. v. Gillen*, 761 F.3d 1099, 1106 (10th Cir. 2014) (quoting *Trotter v. Regents*, 219 F.3d 1179, 1184 (10th Cir. 2000)).

As noted above, to state a claim for malicious prosecution, a plaintiff must adequately allege: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *See Wilkins*, 528 F.3d at 799. Defendant argues that plaintiffs cannot make out a claim for malicious

prosecution because the original action did not terminate in plaintiffs' favor; instead, the state chose to not pursue contempt as a result of plaintiffs "agree[ing] to appear pursuant to the trial subpoenas for the new criminal trial date." *See* Docket No. 420 at 13. Plaintiffs respond that "the record clearly shows that the contempt charges were dismissed by the prosecution," thus demonstrating that the proceedings terminated in plaintiffs' favor. *See* Docket No. 426 at 14-15. While the Court agrees that the contempt charges were not pursued by the prosecution, the issue is whether the prosecution's decision not to do so constitutes a termination in plaintiffs' favor. The Court finds that it does not.

A plaintiff has the "burden to show that the termination was favorable," and, to meet that burden, "a plaintiff must allege facts which, if true, would allow a reasonable jury to find the proceedings terminated for reasons indicative of innocence." *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018) (citations and quotations omitted). An acquittal due to innocence is "the gold standard for showing proceedings terminated in the plaintiffs favor," and a plaintiff will meet this "element if a court vacated the conviction because the plaintiff was 'factually innocent.'" *Id.* (quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004)). Where a conviction was not vacated because the defendant was factually innocent, whether the plaintiff can meet the second element of a malicious prosecution claim "is less obvious" because "the disposition terminating a criminal proceeding does not on its face say anything at all about the plaintiff's guilt." *Id.* When that happens, a court "look[s] to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine

whether the dismissal indicates the accused's innocence." *Id.* (citing *Wilkins*, 528 F.3d at 803). If the disposition "leaves the question of the accused's innocence unresolved, there generally can be no malicious prosecution claim." *Id.* (citing *M.G. v. Young*, 826 F.3d 1259, 1263 (10th Cir. 2016)). Thus, if "the termination of the proceedings 'does not touch the merits,' the criminal proceedings did not terminate favorably." *Id.* (quoting *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016)).

Here, the Court finds that the circumstances surrounding the dismissal of the contempt charges are not indicative of plaintiffs' innocence such that the proceedings can be considered terminated in plaintiffs' favor. First, it is plaintiffs' burden to demonstrate that the proceedings terminated in their favor, *id.* at 1066, but the only allegation in the complaint is that the prosecution chose to not pursue "due to the lack of factual basis." Docket No. 419 at 4, ¶ 14. That is insufficient to demonstrate that the proceedings terminated in plaintiffs' favor. "[A] dismissal of charges [does not] create a presumption of innocence or shift the burden of proving the element of favorable termination to the defendant." *Cordova*, 816 F.3d at 654. The key question is "whether a reasonable jury could find–based on more than just speculation–that the state court vacated [p]laintiffs' convictions for reasons indicative of innocence." *Young*, 826 F.3d at 1263. *Young* is instructive. In that case, there were no stated reasons for the vacation of the conviction, the government stipulated to the vacation, and the only possible reasons for vacation of the conviction were those stated in the defendant's petition for vacation of conviction. *Id.* The Tenth Circuit found that, without any stated reasons and without anything other than the defendant's petition for vacation of sentence, there

was nothing suggesting that the sentence was vacated for innocence. *Id.* at 1264. Thus, even though the state stipulated to dismiss the charges, without more, a claim for malicious prosecution could not succeed. As a result, plaintiffs' allegation that there "lacked a factual basis," Docket No. 419 at 4, ¶ 14, without anything more than that the citations were dropped, is "impermissible speculation" that is insufficient to meet plaintiffs' burden. *Young*, 826 F.3d at 1264.

Second, the Court has access to the docket entries for the proceeding, which it will take judicial notice of as a court document. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The docket entries for plaintiffs' contempt hearing state that "Witnesses Did Not Appear To Have Subpoena Continued and [] Warrants Were Issued" and that "The People Will Not Pursuit [sic] Criminal Contempt." Docket No. 422 at 9. As for the reasons for the dismissal, the docket entry states that the prosecution chose not to pursue contempt, but does not explain why. *Id.* The burden is on plaintiff to demonstrate that the termination was indicative of innocence, not the defendant. *Montoya*, 898 F.3d at 1066. Given that the entry for plaintiffs' contempt hearing states that plaintiffs failed to appear to continue their July 27 trial subpoenas, and plaintiffs have failed to offer any evidence that the contempt citations were terminated in plaintiffs' favor, plaintiffs cannot make out a claim for malicious prosecution.

As a result, the Court finds that plaintiffs have failed to demonstrate that the prior proceedings terminated in their favor. Therefore, plaintiffs have failed to carry their burden that defendant violated their constitutional rights, and, as a result, defendant is entitled to qualified immunity.

11

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint [Docket No. 420] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter for defendant and against plaintiffs on all claims.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have her costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.


DATED September 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge