IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 12-cv-03231-PAB-KLM

VICTORIA CARBAJAL,
LUIS LEAL,
           Plaintiffs,
v.

REBEKAH MELNICK,

          Defendant.

---

## ORDER

This matter is before the Court on plaintiffs' Motion for Reconsideration Under Fed. R. Civ. P. 59 [Docket No. 436] and Motion for Leave to File an Amended Complaint [Docket No. 437].

## I.  BACKGROUND

The background facts and procedural history are set forth in the Court's September 22, 2021 order granting Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint, Docket No. 432, and will not be repeated here except as necessary to resolve plaintiffs' motions.

This case was remanded by the Tenth Circuit on March 30, 2020.  Docket No. 368; s*ee also Carbajal v. McCann*, 808 F. App'x 620, 640 (10th Cir. 2020) (unpublished).  The only claim remaining in this case on remand was a claim for malicious prosecution against defendant Rebekah Melnick, based on her actions in a state court contempt proceeding in 2011.  Docket No. 432 at 2.  Plaintiffs filed a fourth amended complaint based on this claim on November 9, 2020.  Docket No. 419.

Defendant Melnick moved to dismiss this claim on November 23, 2020.  Docket No.

420.  Plaintiffs opposed that motion.  Docket No. 426.  The Court granted defendant's

motion on September 22, 2021.  Docket No. 432.  Plaintiffs filed a Motion for

Reconsideration Under Fed. R. Civ. P. 59, Docket No. 436, and a Motion for Leave to

File an Amended Complaint on October 21, 2021.  Docket No. 437.

## II.  LEGAL STANDARD

Plaintiffs bring their motion for reconsideration pursuant to Federal Rule of Civil

Procedure 59(e).  Docket No. 436 at 2.  The Federal Rules of Civil Procedure do not

specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty.*

*Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for

reconsideration fall within a court's plenary power to revisit and amend interlocutory

orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*,

621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston*

*Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).  In order to avoid the

inefficiency which would attend the repeated re-adjudication of interlocutory orders,

judges in this district have imposed limits on their broad discretion to revisit interlocutory

orders.  *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087,

at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of

interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No.

06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1–2 (D. Colo. May 3, 2007) (applying

Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Motions for

reconsideration of a final judgment that are filed within 28 days of the entry of judgment

are properly considered under Fed. R. Civ. P. 59(e).  *See Kirby v. Resmae Mortg. Corp.*, 626 Fed. App'x 746, 748 (10th Cir. 2015) (unpublished).  Under Rule 59(e) appropriate grounds to grant a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Id.*

Plaintiffs bring their motion for leave to amend under Fed. R. Civ. P. 15.  Docket No. 437 at 2.  Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course."  Fed. R. Civ. P. 15(a)(1).  If the pleading is one to which a responsive pleading is required, the amendment must be made within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).

## III.  ANALYSIS

### A. Motion for Reconsideration

Plaintiffs ask the Court to reconsider its order dismissing plaintiffs' malicious prosecution claim with prejudice, alleging it is clear error.[1]  Docket No. 436 at 2. Plaintiffs argue, in the alternative, for reconsideration of the Court's dismissal so that

---

[1] The elements of malicious prosecution are "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

they may file a new amended complaint. *Id.* Plaintiffs claim the Court erred by making credibility determinations at the pleading stage in finding that plaintiffs did not successfully allege favorable termination, an element of their malicious prosecution claim. *Id.* Additionally, plaintiffs allege that the Court erred by dismissing their malicious prosecution claim because plaintiffs were not required to show favorable termination to establish a Fourth or Fourteenth Amendment violation under 42 U.S.C. § 1983.[2] *Id.* at 3.

Plaintiffs do not argue that new controlling law applies to their malicious prosecution claim or that new evidence is available; plaintiffs argue that reconsideration is warranted because the Court clearly erred in assessing the element of favorable termination in their malicious prosecution claim. *See id.* Plaintiffs first argue that the public record shows "actual innocence" from which a reasonable juror could infer a favorable termination. *Id.* Second, plaintiffs argue that the Court rejected plaintiffs' well-pled facts showing that the proceeding terminated in their favor and accepted defendant's assertion to the contrary, which they assert, amounts to an improper "credibility" determination. *Id.*

Demonstrating a favorable termination requires showing that "proceedings terminated for reasons indicative of innocence." *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018) (internal quotations and citation omitted). Plaintiffs have the burden of showing that proceedings terminated in their favor. *See id.* Plaintiffs' first argument

---

[2] Plaintiffs argue that favorable termination was not required as an element of their claim, Docket No. 436 at 3, but cite no authority to support this proposition. This argument also contradicts their own explanation of the required elements of a malicious prosecution claim. Docket No. 426 at 13-14.

that the Court ignored evidence of actual innocence is not relevant to the favorable termination analysis because it does not address the reason plaintiffs allege the contempt proceeding was terminated.  The Court ruled that plaintiffs' allegation that the case was dismissed because it "lacked a factual basis" is insufficient to meet plaintiffs' burden because that allegation does not indicate that the contempt proceeding was terminated because of plaintiffs' innocence.  Docket No. 432 at 11 (quoting Docket No. 419 at 4, ¶ 14).  Plaintiffs fail to show clear error.

Plaintiffs' second argument, that the Court's rejection of plaintiffs' well-pled facts and its acceptance of defendant's assertions "amounts to" a credibility determination, Docket No. 436 at 2, is also not persuasive.  The Court agrees with plaintiffs that at the pleading stage plaintiffs' allegations are taken as true.   *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).  However, the Court's ruling that, despite assuming plaintiffs' allegations are true, plaintiffs failed to meet their burden of alleging facts showing that the reason the contempt proceeding was terminated was favorable to plaintiffs does not constitute a credibility determination, but rather a legal ruling.[3] Docket No. 432 at 11.  Once again, plaintiffs show no clear error.

Plaintiffs allege in the alternative that their motion to reconsider should be granted to allow them to file an amended complaint.  Docket No. 436 at 3.  For the reasons discussed below, plaintiffs' motion requesting leave to file an amended

---

[3] Plaintiffs claim that the Court's consideration of the record from their contempt proceeding converted defendant's motion from a motion to dismiss to a motion for summary judgment.  Docket No. 436 at 2.   The Court, however, may take judicial notice of documents that are a matter of public record without converting a motion to dismiss into a summary judgment motion. *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020).

complaint is denied and so this argument as a basis for reconsideration is moot.

**B. Motion for Leave to Amend**

Plaintiffs seek to amend their complaint to include additional allegations regarding favorable termination of the contempt proceeding.  Docket No. 437 at 2.  Defendant argues plaintiffs' motion is not timely.  Docket No. 442 at 3.

The Court agrees with defendant's argument that plaintiffs' motion to amend is untimely. Plaintiffs' right to amend under Fed. R. Civ. P. 15 expired twenty-one days after service of defendant's Rule 12(b)(6) motion.  Fed. R. Civ. P. 15(a)(1)(B).  Defendant's Rule 12(b)(6) motion was served on November 23, 2020, Docket No. 420, making plaintiffs' deadline to amend as of right December 14, 2020.  Plaintiffs filed their motion to amend on October 21, 2021, Docket No. 437, after the Court issued its judgment on defendant's motion.  Docket No. 432.  "[U]ntimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay. . . .  Furthermore, 'where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

Plaintiffs' arguments that their motion is timely are without merit.  First, the allegations that plaintiffs propose to add in the amended complaint concern events that occurred in 2011 and were available to plaintiffs long before judgment was entered.

6

*See* Docket No. 438 at 4, 7, ¶¶ 14, 23.  Plaintiffs provide no explanation why these facts could not have been added to their fourth amended complaint, *see Bartlett v. Palma*, 16-cv-00697-PAB-STV, 2018 WL 1046788, at *2 (D. Colo. Feb. 26, 2018) ("The relief plaintiff seeks is particularly disfavored because the 'amendment is not based on new evidence' and would, instead, simply be the presentation of allegations that were 'readily available' prior to the entry of judgment.") (quoting *Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1206 (10th Cir. 2004)), nor why their complaint could not have been amended in response to defendant's motion to dismiss before entry of the Court's judgment.  As such, the Court finds reconsideration is unwarranted on that ground.  *See Servants of the Paraclete*, 204 F.3d at 1012 (ruling that motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion.").  Second, plaintiffs' argument that "the Tenth Circuit Court of Appeals has recently overturned the dismissal of the [p]laintiff's [sic] malicious prosecution claim" is not applicable because the Tenth Circuit ruling occurred on March 30, 2020, months before plaintiffs filed their Fourth Amended Complaint.  Docket No. 437 at 2.  Finally, to the extent plaintiffs argue the defendant opened the door to amendment with her motion to dismiss, Docket No. 446 at 1-2, plaintiffs had the opportunity to amend their complaint, without leave of the Court, in the twenty-one days following defendant's motion to dismiss.  *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (finding that "motion[s] to dismiss, giv[e] plaintiff[s] notice and opportunity to amend [their] complaint[s]).  Plaintiffs chose instead to stand on their allegations.  "As such, the question of amendment (and, thus,

futility) was not an issue." *Mason v. Miro Jewelers, Inc.*, 19-cv-02459-LTB-KLM, 2020 WL 6828014, at *1 (D. Colo. June 17, 2020).  The Court, therefore, does not find it appropriate to allow plaintiffs leave to amend the complaint.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Motion for Reconsideration Under Fed. R. Civ. P. 59 [Docket No. 436] is **DENIED**.  It is further

**ORDERED** that plaintiffs' Motion for Leave to File an Amended Complaint [Docket No. 437] is **DENIED**.

DATED January 5, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

8