IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 12-cv-03231-PAB

VICTORIA CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

REBEKAH WATADA,

    Defendant.

---

# ORDER

---

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint [Docket No. 420].

The fourth amended complaint, which is the operative complaint, alleges a claim by plaintiffs Victoria Carbajal and Luis Leal against defendant Rebekah Watada[1] for malicious prosecution. Docket No. 419 at 6-8, ¶¶ 17-26. Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint for failure to state a claim. Docket No. 420. Plaintiffs filed a response. Docket No. 426. Defendant filed a reply. Docket No. 430.

---

[1] Earlier in the litigation, Ms. Watada went by the name Rebekah Melnick. *See, e.g.*, Docket No. 1.

## I. BACKGROUND

### A. Facts[2]

In 2011, plaintiffs were subpoenaed to testify in a state criminal trial, *People v. Carbajal*, scheduled for July 27, 2011 (the "Dean Carbajal trial"). Docket No. 419 at 3, ¶ 7. On July 5, 2011, the state court vacated the July 27 trial date. *Id.*, ¶ 8. Defendant made no effort to inform plaintiffs that she expected plaintiffs to appear at the trial rescheduled for November 29, 2011. *Id.* On July 27, defendant appeared before a different judge than the one assigned to the criminal case, *id.*, ¶ 9, and "testified ex parte" that plaintiffs "had been subpoenaed to testify for trial this date, July 27, 2011, but failed to appear." *Id.*, ¶ 10. Consequently, the judge, Edward Bronfin, issued an arrest warrant for plaintiffs for contempt of court. *Id.*, ¶ 11. Defendant had no intention of calling plaintiffs to testify. *Id.* at 7, ¶ 24. Defendant pursued the contempt charges "to harass [plaintiffs] and chill their exercise of free speech and support for their loved one in a separate criminal matter." *Id.* at 6, ¶ 19. Both plaintiffs were arrested and released on bond. *Id.* at 4, ¶¶ 12-13. At a hearing on August 8, 2011, the "charges" were dropped and plaintiffs were informed that the Dean Carbajal trial had been continued to November 29, 2011. *Id.*, ¶ 14.

### B. Procedural History

This case was originally filed on December 11, 2012, with plaintiffs asserting numerous claims on a wide range of activity against many defendants. *See generally*

---

[2] The facts below are taken from plaintiff's fourth amended complaint, Docket No. 419, and all non-conclusory allegations are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

Docket No. 1.³  On February 20, 2014, the magistrate judge issued a recommendation on the defendants' motion to dismiss, recommending that all claims be dismissed.  *See* Docket No. 185.  On March 31, 2014, Judge Robert Blackburn accepted the magistrate judge's recommendation.  *See generally* Docket No. 198.  Plaintiffs appealed the decision.  *See* Docket No. 216.  The Tenth Circuit affirmed on all counts except malicious prosecution against defendant for her actions regarding the contempt proceeding.  *See Carbajal v. McCann*, 808 F. App'x 620, 640 (10th Cir. 2020) (unpublished).  Specifically, the Tenth Circuit concluded that, although prosecutors have absolute immunity for actions intimately associated with the judicial process, they do not when they act as witnesses.  *See id.* at 630-32.  Because the complaint alleged that defendant provided false testimony to the court, the Tenth Circuit reversed the grant of absolute immunity.  *Id.* at 631-32.  After the Court vacated the dismissal of the malicious prosecution claim, plaintiffs filed their fourth amended complaint.  *See* Docket 419.

On November 23, 2020, defendant filed the present motion to dismiss, arguing that she is entitled either to absolute or qualified immunity for her actions leading to plaintiffs' arrest.  *See generally* Docket No. 420.⁴  On September 22, 2021, the Court granted defendant's motion, finding that plaintiffs had failed to allege sufficiently the "favorable termination" element of a malicious prosecution claim.  Docket No. 432 at 10-12.  On August 21, 2024, the Tenth Circuit Court of Appeals reversed this

---

[3] At the time of the initial complaint, Dean Carbajal was also a plaintiff.  Docket No. 1. at 1.  Mr. Carbajal's claims have since been dismissed.  *See generally* Docket No. 368.

[4] The Court rejected defendant's assertion of absolute immunity, *see* Docket No. 432 at 4-7, and the Tenth Circuit affirmed.  *See* Docket No. 451 at 9-11.

Court's order based on an intervening change in the law regarding the interpretation of the "favorable termination" element. Docket No. 451 at 2-3, 6-8. The Tenth Circuit held that plaintiffs had sufficiently alleged the "favorable termination" element and remanded the case to this Court to consider defendant's arguments regarding qualified immunity on three other elements of the claim. *Id.*

On May 9, 2025, the Court vacated its prior order and provided the parties with the opportunity to file supplemental briefs on the motion to dismiss, Docket No. 455 (vacating prior order); Docket No. 456 (inviting supplemental briefing), which both parties did. Docket No. 464; Docket No. 466.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true. *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, she has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

4

B. **Qualified Immunity**

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard. *Currier v. Doran*, 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A motion to dismiss based on qualified immunity imposes the burden on the plaintiff to show 'both that [1] a constitutional violation occurred and [2] that the constitutional right was clearly established at the time of the alleged violation.'" *Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019) (quoting *Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009)); *see also T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

A constitutional right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Surat v. Klamser*, 52 F.4th 1261, 1276 (10th Cir. 2022). "Ordinarily,

in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Torres v. Madrid*, 60 F.4th 596, 603 (10th Cir. 2023); *see also Irizarry v. Yehia*, 38 F.4th 1282, 1293 (10th Cir. 2022). The Supreme Court has repeatedly told lower courts not to define clearly established law at a high level of generality. *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). "The general proposition . . . that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Id.* (citation omitted). "The plaintiff bears the burden of citing to us what he thinks constitutes clearly established law." *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534–35 (10th Cir. 1995)).

### III.  ANALYSIS

Defendant argues that she is entitled to qualified immunity because plaintiffs' allegations do not support a claim for a constitutional violation. *See* Docket No. 420 at 12-16; Docket No. 464 at 3-5. Plaintiffs respond that their right to be free from malicious prosecution is clearly established and that the complaint is sufficient to make out a claim. *See* Docket No. 426 at 12-16. The Court agrees with defendant.

To state a claim for malicious prosecution, a plaintiff must adequately allege: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). The Tenth Circuit remanded the case for this Court to

"resume its consideration of" the third, fourth, and fifth elements of plaintiffs' malicious prosecution claim. Docket No. 451 at 3. However, defendant challenges only the sufficiency of the allegations regarding the third and fourth elements – probable cause and malice. Docket No. 420 at 13-13; Docket No. 464 at 2-3. The Court will discuss malice and probable cause.

### A. Malice

Defendant, in her supplemental briefing, argues that plaintiffs' claim fails to allege sufficiently the malice element of a malicious prosecution claim. Docket No. 464 at 3.

The Tenth Circuit has explained that the common law elements of a malicious prosecution claim are the starting point for the analysis of a Section 1983 malicious prosecution claim. *Chavez-Torres v. City of Greeley*, 660 F. App'x 627, 629 (10th Cir. 2016) (unpublished). Under Colorado law, the malice in a common law malicious prosecution claim is defined as "any motive other than a desire to bring an offender to justice." *Id.* (citing *Suchey v. Stiles*, 394 P.2d 739, 741 (1964)). The Tenth Circuit has held that the malice element requires allegations of intent, rather than mere negligence. *See id.* The Tenth Circuit has described this element as requiring intentional or reckless disregard of the truth. *Id.* (citing *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010)).

The complaint alleges that defendant pursued the contempt charges in "an effort to harass [plaintiffs] and chill their exercise of free speech and support for their loved one in a separate criminal matter." Docket No. 419 at 6, ¶ 19; *see also id.* at 5, ¶ 15. The complaint also alleges that defendant had no intention of calling plaintiffs as witnesses at trial. *Id.* at 7, ¶ 24. The Court finds that this assertion is sufficient to plead

7

malice since it alleges that the motivation for the prosecution was something other than a desire to bring an offender to justice.[5]

The Court will discuss qualified immunity in regard to the probable cause element.

### B. Probable Cause

The third element of a malicious prosecution claim is that no probable cause supported the original arrest, continued confinement, or prosecution. *Wilkins*, 528 F.3d at 799. For a malicious prosecution claim where the plaintiff has been arrested pursuant to a warrant, the question regarding this element is whether there was probable cause that supported the issuance of a warrant. *See id.* Here, the relevant event was the July 27, 2011 hearing at which defendant presented information that led to warrants being issued for plaintiffs. Docket No. 419 at 3, ¶¶ 9-11. The issue is whether defendant had probable cause to ask the court to issue arrest warrants for plaintiffs.

"Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Wilkins*, 528 F.3d at 801 (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)).

---

[5] Defendant argues that, "as neither Plaintiff attended the July 27, 2011, hearing, there exists no allegations or evidence Ms. Watada acted with malice at that hearing. All Ms. Watada did was inform the State District Court of the existence of the subpoenas and Plaintiffs' failure to appear in response to the subpoenas. Such an action cannot be considered malicious." Docket No. 464 at 3, ¶ 6; *see also* Docket No. 420 at 14. Defendant does not identify why plaintiffs need to have personally observed the hearing in order to state a claim. Moreover, her argument fails for the reasons discussed above – plaintiffs have adequately alleged a motivation that could be considered malicious.

8

The state court's authority to issue a warrant for failure to appear under subpoena comes from Colorado Rule of Criminal Procedure 17.  *See* Colo. R. Crim. P. 17(h).  The version of Rule 17(h) in effect at the time of the 2011 hearing stated that "[f]ailure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued."  *See* Colo. Crim. P. 17(h) (effective Jan. 1, 2010, subsequently amended effective July 1, 2012); *see also People v. Mann*, 646 P.2d 352, 357 (Colo. 1982) (applying what was then Rule 17(g)).[6]

The operative complaint is properly read to acknowledge that plaintiffs, after having been subpoenaed to appear for trial, *see* Docket No. 419 at 3, ¶ 7 ("Victoria Carbajal and Luis Leal were subpoenaed to testify in a trial scheduled for July 27, 2011"), did not appear.  Regarding their failure to appear, the complaint refers to the "non-appearance of Ms. Carbajal and Mr. Leal," *id*., ¶ 9, and that plaintiffs "failed to appear," *id.*, ¶ 10, without any allegation that they actually did appear.  Moreover, the allegations of the complaint are fairly read to base the alleged lack of probable cause, not on a false representation that plaintiffs failed to appear when they did in fact appear, but on defendant's knowledge that the trial had been vacated.  *See id.* at 6, ¶ 20 ("Defendant Watada lacked probable cause to believe that Ms. Carbajal and Mr. Leal had failed to appear to a scheduled trial in violation of a Subpoena, because no trial was conducted on the date of the alleged violation of subpoena, and no legal obligation existed to appear and testify at a nonexistent hearing, thus violating probable cause to

---

[6] The Court notes that the 2012 amendment to Rule 17(h), which is the most recent amendment to that section of the rule, modified language but did not remove or alter the language that is the subject of the Court's analysis here.

9

arrest and prosecute the Plaintiffs for contempt of court."). Plaintiffs' response brief is consistent with this interpretation of the complaint and nowhere suggests that plaintiffs actually appeared on the date they were subpoenaed to appear. *See* Docket No. 426. The Court finds that, given the complaint alleges that plaintiffs were subpoenaed to appear on July 27, 2011 and is fairly read to allege that they did not appear, defendant reasonably believed that there was substantial probability a violation of Rule 17(h) occurred and therefore probable cause existed for issuance of arrest warrants for contempt of court.

Plaintiffs' arguments regarding a lack of probable cause focus on the falsity of defendant's statements to Judge Bronfin. Docket No. 426 at 10-11; Docket No. 466 at 5-6. Plaintiffs' theory of falsity is predicated on the legal proposition that a person subpoenaed for a trial cannot be held in contempt of court if, after service of the subpoena, the trial was continued or vacated. Plaintiffs' response brief, however, cites no case supporting this theory, and the Court has not identified any Colorado cases supporting it.[7] Because defendant has raised the defense of qualified immunity, plaintiffs must carry the burden to show that defendant's actions violated a federal constitutional right and that the right was clearly established at the time of defendant's conduct. *T.D.*, 868 F.3d at 1220. As to the first prong of the qualified immunity analysis, by failing plausibly to allege a lack of probable cause, plaintiffs do not state a

---

[7] Courts outside of Colorado have held that "a subpoena imposes a continuing duty on the witness to attend court at the direction of the party who obtained the subpoena." *State v. Klempt*, 910 P.2d 326, 328 (N.M. Ct. App. 1995) (collecting cases); *Russell v. State*, 793 P.2d 1085, 1087 (Alaska Ct. App. 1990). The only contrary authority arises in the context of states whose laws explicitly state that the continuance of a trial results in the continuance of a subpoena. *See Gentry v. State*, 770 S.W.2d 780, 785 (Tex. Crim. App. 1988) (applying Tex. Code Crim. Proc. § 24.06(1)).

claim of malicious prosecution, and therefore do not show a violation of their constitutional rights under the Fourth and Fourteenth Amendments.

As to the second prong, plaintiffs have the burden to show that their Fourth and Fourteenth Amendment rights to be free from arrest without probable cause under these circumstances were clearly established. *Thomas*, 607 F.3d at 669. Thus, plaintiffs need to cite a case that shows it was clearly established on July 27, 2011 that a district attorney, who subpoenaed a witness for a criminal trial, which trial was later continued, cannot seek an arrest warrant for contempt of court when the witness fails to appear on the original trial date. Plaintiffs cite no such case.[8] Plaintiffs merely argue that they "had a constitutional right to be free from [an] arrest and prosecution without probable cause under the Fourth and Fourteenth Amendment [sic] to the United States Constitution." Docket No. 426 at 13 (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), *Miller v. Pate*, 386 U.S. 1, 7 (1967), *Mooney v. Holohan*, 294 U.S. 103 (1935)). However, none of the cases cited by plaintiffs are pertinent here.[9] *Franks* addresses a

---

[8] The Court also has not identified any cases that would clearly establish this right.

[9] Plaintiffs also cite *Kalina v. Fletcher*, 522 U.S. 118 (1997), *Cruz v. Kauai Cnty.*, 279 F.3d 1064 (9th Cir. 2002), *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155 (10th Cir. 2009), and *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007). Docket No. 419 at 5, ¶ 16. *Kalina* involved a prosecutor who made false statements in support of an arrest warrant. *See* 522 U.S. at 120-21. It did not involve a warrant for a witness who failed to appear and discussed absolute, rather than qualified immunity. *Cruz* involved an allegedly false statement by a prosecutor in support of a motion to revoke plaintiff's bail. 279 F.3d at 1066. The court held that the prosecutor was entitled to qualified immunity. *Id.* at 1069-70. It is not support for plaintiffs' legal position. *Nielander* involved a malicious prosecution claim, but was resolved on the basis that plaintiff was not seized. 582 F.3d at 1164. It has no applicability here. *Mink* involved a prosecutor's review of a search warrant and the issue of absolute prosecutorial immunity. 482 F.3d at 1263. It is factually and legally distinguishable from the issues here.

criminal defendant's right to suppress evidence based on false statements made in a search warrant application.  438 U.S. at 155-56.  *Miller* and *Mooney* involve habeas corpus petitions arising out of state criminal cases in which defendants were convicted after a prosecutor knowingly introduced false evidence at trial.  *Miller*, 386 U.S. at 2; *Mooney*, 294 U.S. at 109-10.  The Supreme Court has reminded lower courts on numerous occasions that a denial of qualified immunity cannot be predicated on defining "clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."  *D.C. v. Wesby*, 583 U.S. 48, 63–64 (2018).  Yet plaintiffs, who base their malicious prosecution claim on the legal theory that a subpoenaed witness has no duty to appear when the trial date is continued, cite no case anywhere in the United States supporting that proposition, much less a case showing that plaintiffs' legal theory was "clearly established."[10]

The Court finds that plaintiffs have failed to meet their burden on both the first and second prongs of the qualified immunity analysis.

## IV.  CONCLUSION

The Court will grant defendant's motion and dismiss with prejudice plaintiffs' malicious prosecution claim.[11]  It is therefore

**ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint [Docket No. 420], as supplemented by Defendant's Supplementary Brief

---

[10] Plaintiffs have also failed to cite any clearly established law that a prosecutor has no probable cause to seek issuance of an arrest warrant when a witness fails to appear and the prosecutor did not intend to call that witness at the trial or hearing.

[11] *See Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (dismissal based on qualified immunity should be with prejudice).

Pursuant to Court Order Dated May 9, 2025 [Docket No. 464], is **GRANTED**.  It is further

    **ORDERED** that plaintiffs' malicious prosecution claim against Rebekah Watada is **DISMISSED with prejudice**.  It is further

    **ORDERED** that this case is closed.

    DATED March 2, 2026.

                              BY THE COURT:

                              PHILIP A. BRIMMER
                              Chief United States District Judge